# Mercantile Trust and Deposit Company of Baltimore v. Mellon.

*Corporations—Municipal tax on stock—Receivers—Action against nonresident stockholder.*

A tax assessed by the city of Baltimore under the laws of Maryland against the stock of a Maryland corporation owned by a citizen of Pennsylvania and enforced against the receivers of the corporation, may, when paid by such receivers, become by statute a lien against the stock, but the decree of the court in such proceedings does not raise a cause of action in personam against the Pennsylvania stockholder.

Argued Feb. 28, 1899. Appeal, No. 23, Oct. T., 1899, by plaintiffs, from judgment of Superior Court, April T., 1898, No. 106, affirming judgment of C. P. No. 2, Allegheny County, July T., 1897, No. 545, on case stated in favor of defendant, in case of the Mercantile Trust and Deposit Company of Baltimore and D. K. Este Fisher, receivers and assignees, for the benefit of creditors of the American Casualty Insurance and Security Company of Baltimore City v. Andrew W. Mellon. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from Superior Court.

The facts appear by the opinion of the court below, WHITE, P. J., which was as follows:

The plaintiffs, who are receivers and assignees for the benefit of creditors of the American Casualty, Insurance and Security Company of Baltimore, seek to recover from the defendant $205.58, with interest from December 17, 1896, being the amount of tax due the city of Baltimore on defendant's 250 shares of stock in the American Casualty Insurance and Security Company, for the year 1893, which the plaintiffs were compelled to pay December 17, 1896.

That company was a corporation under the laws of Maryland, having its chief office or place of business in the city of Baltimore. It had been doing business for several years, but in 1893, became insolvent, made an assignment for the benefit of creditors, and a receiver was appointed.

· Under the laws of Maryland the stock of the corporation was liable to assessment for taxes for state and municipal purposes. In the mode prescribed in the statute, the whole stock of the company for the year 1893 was assessed, or taxed $7,971.96, the proportion on defendant's 250 shares, $205.58. After considerable litigation it was decided by the final court of the state that the plaintiffs must pay the tax, and they did.

The defendant is a citizen of Allegheny county, Pa., and was never a citizen of Maryland. He was not a party to any of the proceedings in levying the tax, and had no notice thereof, nor was he a party to any of the legal proceedings.

The contention of the plaintiffs is that it was the duty of the defendant, under the laws of Maryland governing the corporation, to pay the tax on his shares of stock, or refund the same to the plaintiffs after they had paid it, and failing to do so, he is liable in this personal action.

1. A tax is not a debt in the legal sense of debt, creating a personal obligation. Every citizen of a state is under a moral obligation to obey the laws of the state and pay the taxes duly assessed against him. But this moral obligation is not, strictly speaking, a legal obligation sufficient to sustain a personal action. No doubt the state may prescribe the mode of collecting the tax, either by a levy on property, or a personal action, but then the personal action is by virtue of the statute.

In Meriwether v. Garrett, 102 U. S. 513, it was said:

"Taxes are not debts. It was so held by this court in the case of Oregon v. Lane County, reported in 7 Wallace. Debts are obligations for the payment of money founded upon contract express or implied. Taxes are imposts levied for the support of government. The consent of the taxpayer is not necessary to their enforcement; they operate in invitum. Nor is their nature affected by the fact that in some states an action of debt may be instituted for their recovery. The form of procedure cannot change their character."

To the same effect are Crapo v. Stetson, 8 Metcalf, 394, Andover & Medford Turnpike Co. v. Gould, 6 Mass. 44, Hibbard v. Clark, 56 N. H. 155, Johnson v. Howard, 41 Vt. 122, and Miller v. Hale, 26 Pa. 432.

· 2. The taxing power must have jurisdiction of the person or

property taxed. If over both, both may be made liable; if over one, only that one can be made liable.

In McCulloh v. State of Maryland, 4 Wheaton, 429, MARSHALL, C. J., said:

"The power of taxation may be exercised upon every object brought within its (the state's) jurisdiction. But to what source do we trace this right? It is obvious it is an incident to sovereignty, and is coextensive to that to which it is an incident. All subjects over which the sovereign power of the state extends are objects of taxation; but those over which it does not extend are upon the soundest principles exempt from taxation."

In the case of a state tax upon bonds held in foreign countries, the Supreme Court of the United States in 15 Wallace, 300, Justice FIELD, delivering the opinion, said:

"The power of taxation, however vast its character and searching in its extent, is necessarily limited to subjects within the jurisdiction of the state assessing the tax. These subjects are persons and property. Whatever form it may assume it must relate to one of these subjects."

It was, therefore, held that the state not having jurisdiction of the foreign bond holder, could not tax the bonds he held of a state corporation. Cooley, in his work on Taxation (2d ed.), p. 159 says:

"A state can no more subject to its power a single person, or a single article of property, whose residence, or legal situs, is in another state, than it can subject all the citizens or all the property of such other state to its power."

The defendant, never having been within the state of Maryland, that state had no jurisdiction over his person to impose upon him a personal obligation. It might tax his property in the state, but could do no more than hold that property for the taxes.

Nor did the state attempt to do more. The language of the statute is:

"The tax assessed on such stockholders (nonresidents) shall be assessed and collected from said corporation, and may be charged to the account of such nonresident stockholders in the said corporation, and shall be a lien on the stocks therein held by such stockholders, respectively, until paid."

Even if the statute had gone so far as to declare a personal liability for the tax on all stockholders, it might be good against resident stockholders, citizens of the state, but could not operate on nonresident stockholders, because of no jurisdiction over their persons.    For the same reason the decree of the Baltimore court, directing the receiver to sue the stockholders for the tax, cannot sustain suits against nonresident stockholders.

3. The declaration of the statute that the situs of the stock shall be at the chief office, in the city of Baltimore, may have some effect in fixing the stock as a part, or the whole, of the capital of the corporation, for taxation purposes, but it cannot change the real character of the stockholder's ownership. Shares of stock in a corporation are personal property, so recognized the world over, and follow the person wherever he may go.    This state, and perhaps every state of the Union, taxes its citizens on shares of stock in corporations of other states.    This is based on the fact that the shares of stock are personal property, and that the situs is the domicil of the owner.    This doctrine is so well settled in this state that it is hardly necessary to refer to any authority: Lycoming County v. Gamble, 47 Pa. 110; McKeen v. Northampton County, 49 Pa. 519.    The doctrine was emphasized in Commonwealth v. Standard Oil Co., 101 Pa. 119, where it was held that the shares of stock of the Standard Oil Company, a corporation of Ohio, in corporations of this state, could not be taxed here, because the situs was in Ohio, the residence or location of the corporation owning the stock.

Such is the law also in Maryland.   The statutes quoted in the case stated, make the citizens of Maryland, who own shares of stock or bonds of corporations in other states, liable to taxation on the same in Maryland.

4. It is urged as an argument in support of this action, that if the resident stockholders are liable to refund to the plaintiffs their proportion of the tax, and the nonresidents are not liable, it will be unjust to the creditors of the insolvent corporation, as lessening the fund for distribution.    That may be, but I cannot see how that creates a personal liability of the defendant. The Maryland creditors may lose so much, but the defendant has lost all he invested in his 250 shares in a Maryland corporation.    The statute expressly declares that the tax shall be a

lien on his stock.   The stock, therefore, is the security held for its payment.   If the stock is worth nothing, the security fails, and the tax is lost without any fault on his part.   The defendant has to submit to the tax on his stock in Maryland, and is liable to a tax on the same here, an additional burden not borne by the resident stockholders.

It does not appear from the case stated, when the American Casualty Insurance and Surety Company was chartered, or the terms of its charter, but I infer that it was organized under a general law, and subject to the provisions of the statutes quoted in the case stated.

And now, September 10, 1897, this cause came on to be heard in the case stated, and after argument by counsel, and due consideration thereof, the court is of opinion that the law is with the defendant, and thereupon it is ordered that judgment be entered for defendant, on the case stated, with costs.

The case is reported in 8 Pa. Superior Ct. 645.

*Error assigned* was the judgment of the Superior Court.

*W. M. Hall, Jr.,* for appellant.—The defendant being a stockholder in the company, a Maryland corporation, was subject to all the duties and liabilities under the laws of that state, and his status as a stockholder was in no way different from that of a stockholder who happened to be a resident of the state of Maryland: Beach on Priv. Corp. sec. 148; First Nat. Bank of Deadwood v. Mining Co., 7 Ry. & Corp. L. J. (Minn.) 175; Flash v. Conn. 109 U. S. 371; Lowry v. Inman, 46 N. Y. 119; McDonough v. Phelps, 15 How. Pr. 372; Sackett's Harbour Bank v. Blake, 3 Richardson's Eq. 225; Bank of Virginia v. Adams, 1 Parsons's Sel. Eq. Cases, 534; Healy v. Root, 11 Pick. 389; Aultman's Appeal, 98 Pa. 505; Black v. Zacharie, 3 Howard, 483; Clearwater v. Meredith, 1 Wallace, 25; Cook on Stocks and Stockholders, sec. 493; Parsons v. Charter Oak Life Ins. Co., 31 Fed. Repr. 305; Relfe v. Rundle, 103 U. S. 222; Huntington v. Attrill, 146 U. S. 657.

The defendant being a stockholder in the company was bound by the decision of the court of last resort in Maryland to such obligations as that court imposed under the laws of Maryland upon all stockholders and it is entirely immaterial whether or

not he is a nonresident: Merrimac Mining Co. v. Levy, 54 Pa. 227.

It was legal for the laws of the state of Maryland to make the situs of the defendant's stock for the purpose of taxation in the city of Baltimore, to assess the stock for taxation there, compel the corporation to pay the tax as agent for the stockholder and give it the right to charge the same to the account of the stockholder: Cook on Stock and Stockholders, sec. 566; Tappan v. Merchants National Bank, 19 Wallace, 490; Minot v. P. W. & B. R. R. Co., 18 Wallace, 206; Pullman Palace Car Co. v. Penna., 141 U. S. 18; Baltimore v. City Pass. Ry. Co., 57 Md. 31; American Coal Co. v. County Commissioners, 59 Md. 185; People v. Home Ins. Co., 29 Cal. 534; People v. Commissioners, 23 N. Y. 224; Dunleith v. Reynolds, 53 Ill. 45; Irvin v. New Orleans, etc., R. R. Co., 94 Ill. 105; St. Paul v. Merritt, 7 Minn. 258; American Coal Co. v. County Commissioners, 59 Md. 185; Thompson's Commentaries on Law of Corporations, sec. 2914; Winkley v. Town of Newton, 36 Atl. Repr. 610; People v. Coleman, 135 N. Y. 231; Coe v. Errol, 116 U. S. 517.

It is the law of Maryland that the imposition of a tax creates a legal obligation to pay on which the law raises an implied assumpsit: Dugan v. Baltimore, 1 Gill & Johnson, 499; The Appeal Tax Court v. Union R. R. Co., 50 Md. 274.

The company as agent of the defendant having paid this tax under stress of legal process has a right of action against the defendant to recover the amount paid: Fulton v. Nicholson, 7 Md. 104; Taylor v. Gould, 57 Pa. 152.

*Willis F. McCook,* for appellee, cited, McCulloch v. State of Maryland, 4 Wheaton, 429, Com. v. Standard Oil Co., 101 Pa. 119, Augusta v. North, 57 Me. 392, Camden v. Allen, 26 N. J. Law, 398, Phila. v. Greble, 38 Pa. 339, Howell v. Phila., 38 Pa. 471, 2 Dillon, Mun. Corp. sec. 659, Crapo v. Stetson, 8 Metcalf, 394, Andover & Medford Turnpike Co. v. Gould, 6 Mass. *40, Hibbard v. Clark, 56 N. H. 155, Johnson v. Howard, 41 Vt. *122, Miller v. Hale, 26 Pa. 432, Danforth v. Williams, 9 Mass. 324, State v. Balt. & Ohio R. R. Co., 34 Md. 344; McInerny v. Reed, 23 Iowa, 410, and Sully v. Drennan, 113 U. S. 287.

OPINION BY MR. JUSTICE McCOLLUM, May 23, 1900:

The receivers of the American Casualty Insurance and Security Company of Baltimore city, a corporation duly organized under the laws of Maryland and having its principal office in said city, brought an action of assumpsit in the court of common pleas No. 2 of Allegheny county against Andrew W. Mellon for $205.58, that being as they alleged, his proportion of the taxes assessed upon the whole stock of the company for the year 1893. After the institution of this suit the parties to it agreed upon a case stated, in which they included the laws of Maryland relating to the assessment and collection of the taxes upon the stock, the insolvency of and assignment by the company, the appointment of receivers, and such other matters as they considered pertinent to the issues involved in the pending litigation.

Payment of the taxes assessed upon the stock in 1893 was subsequent to the assignment by the company for the benefit of its creditors and was finally enforced by a suit against the receivers who, in compliance with the decree of the court of appeals of Maryland, paid the taxes assessed as aforesaid from the fund within their control. The taxes thus paid by the receivers included the taxes assessed upon stock held by nonresidents.

It seems to be conceded by the parties to the suit that the defendant never was a resident of the state of Maryland; that he is now and always has been a resident of the state of Pennsylvania; that he was not notified of the assessment of the stock nor allowed an opportunity to be heard in relation to it or to appeal from it.

The case stated was heard and passed upon by the court in which it was brought, and upon due consideration there it terminated in a judgment for the defendant, with costs. The reasons given for the conclusion arrived at and the citation of cases supporting them, together with quotations from the cases and the text books furnished a complete vindication of the judgment entered by the court. The receivers, being dissatisfied with the decision of the court of common pleas appealed to the Superior Court where the decision was sustained in an opinion by Judge ORLADY who said, inter alia, that "the receivers having paid the taxes cannot by the order of court direct-

ing them to proceed by action or suit if necessary to collect from the several stockholders of the defendant corporation . . . . their proportionate shares of the taxes paid by the receivers, follow a stockholder into Pennsylvania and secure a personal judgment against him unless the charter contract of the corporation with its stockholders specially authorized such remedy." It is plain enough that neither of the several sections of article 81 of the Maryland statute relating to the taxation of corporate stock, furnishes any warrant for the institution of the suit brought by the receivers. All the sections of said article supposed by the receivers to have some relation to the question involved in their suit are included in the case stated. In referring to that part of section 138 of article 81, on which the receivers seem to have placed considerable reliance, Judge ORLADY said : " This is the only provision in the case stated under which the corporation can protect itself for the moneys it may be obliged to pay as tax against it. The remedy of the corporation is against the stock and the lien is against it alone. The stock may be exhausted by the lien, but the corporation cannot pursue the holder in Pennsylvania to recover. . . . More than this is not authorized by the charter, and more than this the corporation cannot claim." It is not necessary for us to pursue the subject further. The opinion from which we have quoted above and the quotations from the cases cited by Judge WHITE in the common pleas fully sustain the judgment from which this appeal was taken.

Judgment affirmed.