Hughes *v*. Hughes, Appellant.

Argued November 24, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Wesley H. Caldwell,* with him *A. Sidney Johnson, Jr.,* and *Frank M. Hunter,* for appellant.—The court is without jurisdiction to entertain plaintiff's bill in equity, at least in so far as it prays for orders and decrees against defendant's person: Erdner v. Erdner, 234 Pa. 500; McIntyre v. McIntyre, 30 Pa. Dist. R. 993; Hays v. R. R., 17 Pa. 9; Houk v. Houk, 13 Pa. D. & C. 187; Coleman's App., 75 Pa. 441; Vandersloot v. Water & Power Co., 259 Pa. 99; Stamey v. Barkley, 211 Pa. 313; Lehigh Val. Ins. Co. v. Fuller, 81 Pa. 398.

The Act of March 5, 1925, P. L. 23, is available to defendant: Kraus v. Tobacco Co., 283 Pa. 146.

*G. Von Phul Jones,* with him *Robert W. Beatty,* for appellee.—The proceeding under the Act of 1907 contemplates a remedy against the defendant if properly served, by orders on defendant, and also against his property: Erdner v. Erdner, 234 Pa. 500.

The service was legally made on defendant and he is under control of the court.

This action is not controlled by the Act of March 5, 1925, P. L. 23, allowing preliminary proceeding as to the jurisdiction of the court: Kraus v. Tobacco Co., 283 Pa. 146; Rutherford Water Co. v. Harrisburg, 297 Pa. 33; Staryeu v. Midouhas, 299 Pa. 352; Lackawanna Co. v. James, 296 Pa. 225; Skelton v. Twp., 298 Pa. 471.

OPINION BY MR. JUSTICE DREW, January 5, 1932:

This is an appeal from an order of the court below dismissing a petition and rule to show cause why the

plaintiff's bill in equity, in so far as it asked decrees against defendant personally, should not be dismissed, and why the service, as to the defendant personally, should not be set aside.

.Plaintiff, setting forth that the defendant, her husband, had deserted her, making insufficient provision for her maintenance, and that he is the owner of land in Delaware County of which he is about to dispose, as well as of considerable property elsewhere, filed this bill to enforce her rights as to suitable maintenance and support under the provisions of the Act of May 23, 1907, P. L. 227, as amended by the Acts of April 27, 1909, P. L. 182, and July 21, 1913, P. L. 867. In substance the bill prayed for decrees ordering the defendant to make discovery of his property, to pay certain charges against the real estate in Delaware County, and to provide plaintiff with sufficient funds to support herself; it also asked an injunction against the defendant restraining him from disposing of his property, and for a suitable order against the realty within the jurisdiction of the court. Plaintiff then, having filed an affidavit that the defendant's residence and whereabouts were unknown to her, but that the defendant was the president of a business concern in Philadelphia, moved the court for leave to serve the defendant by leaving a copy of the papers at the office of the defendant in Philadelphia, or by handing the same to him wherever he might be found. Service was made by leaving a copy of the papers with the general manager at the office in Philadelphia. Defendant, claiming the benefits of the Act of March 5, 1925, P. L. 23, then filed this petition to object to the jurisdiction.

The Act of 1907, supra, as amended, provides that service upon such deserting husband shall be had in accordance with the provisions of the Act of April 6, 1859, P. L. 387. That act has two sections. The first provides, inter alia: "It shall be lawful for any court...... having jurisdiction......in any suit in equity......in-

stituted therein, concerning goods, chattels, lands, tenements or hereditaments......situate......within the jurisdiction of such court, or concerning any......encumbrance thereon,......to order and direct that any ......process to be had in such suit, be served upon any defendant......therein, then residing or being out of the jurisdiction of such court, wherever he......may reside or be found; and upon affidavit of such service had, to proceed as fully and effectually as if the same had been made within the jurisdiction of such court." The second provides, inter alia: "Whenever it shall appear to the satisfaction of such court,......that any defendant......cannot......be found so as to be personally served with......process,......it shall be lawful for such court......to make an order upon such defendant......and......to proceed as fully and effectually as if such process had been duly served within the jurisdiction of such court: Provided, that a statement of the substance......of the bill,......and a copy of such order, be published......"

In the case at bar service was made by handing a copy of the papers to the manager at the place of business. This is not the service stipulated in the first section of the Act of 1859; it was not at his residence, nor was the defendant found by the serving officer. It follows that, as the service was not in accord with the manner prescribed by the statute, it was ineffective to give the court jurisdiction. Inasmuch as the plaintiff filed an affidavit that the whereabouts of the defendant were unknown, the proper way of making service would have been by publication under the second section of the Act of 1859.

It is general law that service statutes are to be construed strictly, and particularly statutes authorizing substituted service or service by publication: 50 C. J. 490; Stamey v. Barkley, 211 Pa. 313; Lehigh Valley Ins. Co. v. Fuller, 81 Pa. 398. In the latter case the statute provided that service should be had "at the usual

place of business or residence." This court, in an opinion by Mr. Justice SHARSWOOD, held that personal service was not sufficient under the statute. See also Winrow v. Raymond, 4 Pa. 501; Dale v. Blue Mountain Mfg. Co., 167 Pa. 402.

Even if the defendant had been served with strict regard to the provisions of the Act of 1859, no jurisdiction would have been conferred upon the court to make personal decrees against the defendant, as prayed for in the bill. No form of constructive service, whether substituted service outside the jurisdiction, or service by publication, can give a court power to make a binding decree in personam against a nonresident; it would not be due process of law: Pennoyer v. Neff, 95 U. S. 714. As was said in Coleman's App., 75 Pa. 441, 458, "A man shall only be liable to be called on to answer for civil wrongs in the forum of his home, and the tribunal of his vicinage, though his property may be subject to the jurisdiction of the courts of the country where it may happen to be." For cases to the same effect where the service was made under the Act of 1859, see Wallace v. United Electric Co., 211 Pa. 473; Lebanon Valley C. W. S. Co. v. Commonwealth Trust Co., 257 Pa. 284; Vandersloot v. Pennsylvania W. & P. Co., 259 Pa. 99.

It is contended that the defendant may not avail himself of the Act of March 5, 1925, P. L. 23, to raise preliminarily the question of jurisdiction. There is no merit in this contention because the act precisely covers a situation such as that now before us: Lackawanna Co. v. James, 296 Pa. 225.

As the service made conferred no jurisdiction upon the court, and for the further reason that the court could not in this case by any service outside the county obtain jurisdiction of the defendant personally, the order dismissing defendant's petition and rule was erroneous. The order of the court below is reversed, without prejudice, and the rule to set aside the service is made absolute.