## Potter v. Potter et al.

*William A. Gray*, for plaintiff.
*Croskey & Edwards*, for defendants.

SLOANE, J., June 2, 1941.—Defendant Potter's petition tests jurisdiction: Act of March 5, 1925, P. L. 23, sec. 1, 12 PS §§672-675.

Plaintiff Potter, of California, filed this bill in equity. Actual service of the bill on defendant trust company was made here. Service on defendant Potter was made by an Atlantic City constable in Atlantic City, N. J., admittedly her residence of many years. Substituted service was made there pursuant to court direction under the Act of April 6, 1859, P. L. 387, 12 PS §§1254 to 1256. Her counsel appear de bene esse and seek by her petition to set aside this service and to dismiss the bill as to her, for want of jurisdiction: Hughes v. Hughes, 306 Pa. 75, 79 (1932) ; Welser v. Ealer, 317 Pa. 182, 184 (1935).

The facts for this proceeding are as set forth in the bill, the parties having so stipulated. We need not detail them; adumbration is enough. Plaintiff Potter and her foster sister, defendant Potter, were to share alike in their mother's real and personal estate, situated here. By overreaching, and in violation of a trust and fiduciary relationship existing between them, defendant Potter is depriving plaintiff Potter of her share and the income therefrom; "whatever assets presently remain within the jurisdiction of this court are held by the Liberty Title & Trust Company [the other defendant] in an agency account merely and not in any trust relationship and which is subject to disposition upon order of Helen A. Potter alone".

The prayers require fuller recitation, for in the redress is discovery of answer to the point:

Plaintiff prays: (1) That defendant Potter be restrained from dealing with, or disposing of, the property; (2) that she account to plaintiff for income and principal; (3) that defendant trust company be restrained from disposing of the property held by it on behalf of defendant Potter and account for any income received; (4) that defendants be ordered to reconvey to plaintiff the latter's interest in the real and personal property acquired from the estate; and (5) that defendants be ordered to pay plaintiff the moneys due her under the estate.

We need not resanctify the principle that there can be no decree in personam without personal service. It has been affirmed and reaffirmed.

"No form of constructive service, whether substituted service outside the jurisdiction, or service by publication, can give a court power to make a binding decree in personam against a nonresident; it would not be due process of law: Pennoyer v. Neff, 95 U. S. 714": Hughes v. Hughes, 306 Pa. 75, 79 (1932) ; Boudwin v. Boudwin, 320 Pa. 147 (1936) ; Eldredge v. Eldredge et al., 128 Pa. Superior Ct. 284 (1937).

"The Court is unwilling to break the unbending rule as to service of process on a nonresident defendant where the decree prayed for is in personam. See Coleman's Appeal, 75 Pa. 441; Wallace v. United Electric Co., 211 Pa. 473; Vandersloot v. Pa. Water & Power Co., 259 Pa. 99; Hughes v. Hughes, 306 Pa. 75; Atlantic S. N. Gas Co. v. Whitten, 315 Pa. 529; Gallagher v. Rogan, 322 Pa. 315; Degan v. Kiernan, 326 Pa. 397": Shipley Massingham Co. v. Mutual Drug Co. et al., 329 Pa. 559, 560 (1938).

The Act of 1859, supra, does not enlarge the operation of the principle that a personal decree requires personal service: Atlantic Seaboard Natural Gas Co. v. Whitten, 315 Pa. 529, 532 (1934).*

The present suit seeks exactly that. It is not an action in rem though it be true that ultimately it is the property that plaintiff is after. The decree sought is personal against defendant Potter. We are to direct her to take certain action in respect to the mother's estate. Such decree is in personam.

---

* Act No. 5, approved March 20, 1941, amending section 1 of the Act of 1859, does not help plaintiff. Aside from the question of its applicability to a pending suit, it has to do with process in an equity action "for the perpetuating of testimony concerning trusts which have within the jurisdiction of such court one or more trustees and a substantial portion of their securities, real estate or other assets." That is not this suit.

"There is a wide distinction between a course of judicial procedure, the object of which is to subject the res to the power of the State directly by the judgment or decree which is entered and a procedure which only affects or disposes of the res by compelling a party to the action to control or dispose of the res in accordance with the mandate or decree. The former is a proceeding in rem; the latter is a proceeding in personam. The suit before us is not specifically directed toward the res; it is directed toward the owner of the res. The status of the res is not in the slightest degree affected until after the suit against the owner is terminated adversely to the latter. Until that stage is reached the suit is entirely a proceeding between persons and not between a person and a certain piece of land as, for example, in condemnation or foreclosure proceeding": Atlantic Seaboard Natural Gas Co. v. Whitten, 315 Pa. 529, 534 (1934). If plaintiff establishes her right to part of the estate, plaintiff will be entitled to a decree in accord with the prayers, and it will be directed to defendant personally.

Nor is the extraterritorial service here made valid on the ground that the resident defendant served is a principal defendant. Defendant trust company is not an indispensable party to the present controversy. Its status or rights are not involved. Whatever property it holds is in the capacity of agent on behalf of defendant Potter. It has no independent right or interest in that property. Its disposition of the property is subject to the direction of defendant Potter. Her disposition is its disposition. Its presence in the instant suit is not necessary to the validity of the decree nor to a determination of the principal questions involved. Defendant Potter must be regarded as the sole principal defendant. Any decision concerning her rights will effectively control defendant trust company's future dealings with the assets. See Coleman's Appeal, 75 Pa. 441, 459 (1874), and Bird v. Sleppy, 265 Pa. 295, 298 (1919).

What is more, recent authority would indicate that service upon a principal defendant within the jurisdiction will not ipso facto validate extraterritorial service upon a nonresident defendant if a personal decree is sought against the latter. In Shipley Massingham Co. v. Mutual Drug Co. et al., 329 Pa. 559 (1938), the lower court, in its opinion setting aside an extraterritorial service under the Act of 1859, said:

"There can be no doubt that in the present suit Shipley Massingham Mutual, Inc. is a principal defendant. . . . It will be observed, however, that the relief which is sought against the defendants who reside outside of the state . . . is purely personal. . . . It has long been the unbending rule that whether extra territorial service is sought because the suit concerns property within the jurisdiction, or because a principal defendant has been served with process, a non-resident defendant cannot be brought in if the decree prayed for is *in personam*."

The Supreme Court affirmed this decision from which we quoted above. See also Wallace v. United Electric Co. et al., 211 Pa. 473 (1905), and 43 Dickinson L. R. 60, 68 (1938). But see Eldredge v. Eldredge, 128 Pa. Superior Ct. 284, 289, 290 (1937).

This case is pretty well disposed of by Gallagher, Admr., v. Rogan et al., 322 Pa. 315 (1936). In principle the two cases correspond, and that decision guides us.

The relief here sought is against defendant Potter. She was not served in this jurisdiction, and our outstretched arm has only its length of reach. We have no alternative, as good as plaintiff's cause may be, but to set aside the service and dismiss the bill as to defendant Helen A. Potter.

Rule absolute.