## Brown v. Swartz et ux.

*George Kunkel*, chief enforcement attorney, and *Donald K. Royal*, chief rent attorney, for plaintiff.

*Douglass D. Storey* and *John H. Moody*, of *Storey & Bailey*, for defendants.

HARGEST, P. J., April 26, 1943.—This bill of complaint is brought by Prentiss M. Brown, Administrator of the Office of Price Administration, a Federal office created under the authority of the Act of Congress known as the Emergency Price Control Act of January 30, 1942, 56 Stat. at L. 23.

Defendants are residents of Duncannon, Perry County, Pa., and the owners of a property situate at 1628 Green Street, in the City of Harrisburg, which is a three-story dwelling house consisting of three apartments, one on each floor.

The bill avers that the owners violated the maximum rent regulation adopted under the authority of the Emergency Price Control Act, in that they cut off the heat and hot and cold water from said apartments, and that their conduct in violation of said act of Congress and regulations adopted in pursuance thereof was "injurious to the public interest, National Defense, and security; prejudicial to the continued production of war materials; to the rendering of essential services and to the effective prosecution of the war and would seriously interfere with the fair and effective administration of the rent control program."

The bill of complaint sought an injunction to restrain defendants from continued violation of the act of Congress and the regulations thereunder, and to require them to restore and maintain the essential services to said apartments.

A preliminary injunction was granted April 1, 1943, and served on defendants in Duncannon, Perry County. On April 6, 1943, plaintiff presented a motion to continue the preliminary injunction and also a petition for writ of attachment on the ground that after injunction was awarded and served defendants refused to restore the services of which they had deprived their tenants.

The hearing on the motion to continue the injunction, as well as the hearing on the petition for attachment, was postponed until April 12, 1943, at which time defendants appeared de bene esse and questioned the jurisdiction of this court, under the Act of March 5, 1925, P. L. 23.

The act of Congress confers upon the court the right to issue injunctions to restrain violations of it, but the proceedings in the State court must be according to the laws of the State.

The defendants contend that this is a proceeding in personam, and even though the property concerning which the controversy arises is in this county the court has no authority in such a case to authorize extraterritorial service.

Section 1 of the Act of April 6, 1859, P. L. 387, as amended by the Act of March 20, 1941, P. L. 11, 12 PS §1254, authorizes the court to direct the service of process outside the county:

". . . in any suit in equity which has been or shall be instituted therein, concerning goods, chattels, lands, tenements, or hereditaments, or for the perpetuating of testimony concerning trusts which have within the jurisdiction of such court one or more trustees and a substantial portion of their securities, real estate or other assets or for the perpetuating of testimony concerning any lands, tenements, and so forth, situate or being within the jurisdiction of such court, or concerning any charge, lien, judgment, mortgage, or encumbrance thereon, or where the court have acquired jurisdiction of the subject matter in controversy, by the service of its process on one or more of the principal defendants. . ."

This controversy involves the right of tenants to services which have been provided under their lease agreements and which the landlords, in violation of the terms of their rental contracts, have withheld, as the plaintiff contends, in violation of the act of Congress. The properties are within the jurisdiction of this court. The landlords live outside of its jurisdiction.

In Gallagher, Admr., v. Rogan et al., 322 Pa. 315, it is held (syllabus) :

"Under the Act of April 6, 1859, P. L. 387, process in equity cases may be served upon nonresident defendants only where service has been made on one or more of the principal defendants within the county where the action is instituted, or where the suit concerns chattels or lands situate within the jurisdiction of the court or any lien, mortgage or encumbrance thereon.

"Under the Act of 1859, the mere presence of property within the jurisdiction does not permit the bringing in of the nonresident owner of such property where the decree sought is in personam."

In that case the suit was brought in Philadelphia County. Defendant was a resident of Montgomery County. The property included a bond and mortgage on premises situate on Mt. Vernon Street in Philadelphia. The Supreme Court said, page 318:

"In the present case there is no issue between mortgagor and mortgagee, nor any question concerning the security as a lien or encumbrance on the land, but merely one of ownership of the debt represented by the bond and accompanying mortgage."

And it concluded that the suit was in personam.

In Atlantic Seaboard Natural Gas Co. v. Whitten, 315 Pa. 529, there was a tentative agreement made by a resident of Honolulu, the owner of land in Potter County, to accept a price offered for a gas lease on her land. When the company forwarded the lease and the consideration she refused to sign the lease, and the company brought a bill of complaint in Potter County setting forth the facts, and secured an order for service upon the owner in Hawaii. It was there said, page 531 et seq.:

"If this suit is in personam and not in rem, the extraterritorial service was invalid and must be set aside. 'No form of constructive service can give a court power to make a binding decree in personam against a nonresident': Hughes v. Hughes, 306 Pa. 75, 158 A. 874

. . . .

" 'That equity acts in personam is one of the oldest maxims of equity and is a basic principle of equity jurisdiction. Its meaning is that equity deals primarily with the person, and usually only through him with the res': 21 C. J., section 183, page 194.

"Decrees against persons directing them to take certain action in respect to property are generally regarded as decrees in personam. [Citing cases.]

"It is stated in 23 L. R. A. (N. S.), page 1135: 'The general principle is well settled, in the absence of any statutory modification, that a suit to compel the specific performance of a contract to convey real property is a suit in personam, and not in rem,' [citing cases] . . .

"The only statute invoked by plaintiff as authority for the service made, and now challenged, is the Act of April 6, 1859, P. L. 387, but it is settled in this court that a decree against a defendant personally is not within the purview of that act, and where such decree is sought, the court has no authority under that act to direct service upon the defendant. [Citing cases] . . .

"There is a wide distinction between a course of judicial procedure, the object of which is to subject the res to the power of the State directly by the judgment or decree which is entered and a procedure which only affects or disposes of the res by compelling a party to the action to control or dispose of the res in accordance with the mandate or decree. The former is a proceeding in rem; the latter is a proceeding in personam. The suit before us is not specifically directed toward the res; it is directed toward the owner of the res. The status of the res is not in the slightest degree affected until after the suit against the owner is terminated adversely to the latter. Until that stage is reached the suit is entirely a proceeding between persons and not between a person and a certain piece of land as, for example, in condemnation or foreclosure proceeding . . .

"The very decree prayed for shows that this proceeding is one in personam. The prayer is for a decree 'di-

recting specific performance by the respondent of the agreement of leasing.' "

The language quoted is directly pertinent. What is prayed for in the instant case is something that "only affects or disposes of the res by compelling a party to the action to control or dispose of the res in accordance with the mandate or decree." If, as is held in the case just cited and quoted from, "a suit to compel the specific performance of a contract to convey real property is a suit in personam" then certainly a suit to compel performance under an agreement to lease already made is a suit in personam. These cases are definitely decisive of the present controversy.

There is no question of a trust relation, and therefore the authorities urged upon us by the plaintiff are not applicable.

We are definitely of the opinion that this action, under our authorities, is in personam, and, as held in Heaney v. Mauch Chunk Borough et al., 322 Pa. 487, 490, ". . . the process must be served personally within the jurisdiction of the court in which the action was commenced, upon the person to be affected thereby." See also Shipley Massingham Co. v. Mutual Drug Co. et al., 329 Pa. 559, 560; Degan et al., Executrices, v. Kiernan, 326 Pa. 397, 398.

It follows that, since there has been no service of process within the jurisdiction of this court, we lack authority to authorize the service outside of our jurisdiction.

And now, April 26, 1943, the order of court authorizing the service of process upon the defendants beyond the jurisdiction of this court is revoked; the service of the bill is set aside, and rule granted on the petition for attachment is discharged, and that petition dismissed. The preliminary injunction is dissolved and the bill of complaint dismissed at the cost of the plaintiff. Exception to the plaintiff.