## Belcavitch et al. v. Belcavitch et al.

*S. U. Colbassani*, for plaintiffs.

*Sam Fallk*, for Veronica Belcavitch, defendant.

*O'Malley, Harris, Harris & Warren*, for Pennsylvania Coal Co., defendant.

HOBAN, P. J., June 10, 1949.—Plaintiffs filed a bill in equity seeking to declare defendant, Veronica Belcavitch, trustee ex maleficio as to certain property alleged to have been secured from Joseph Belcavitch, deceased, husband of Mary Belcavitch and father of minor plaintiffs. The bill alleged that defendant, Veronica Belcavitch, by false and fraudulent representations within a short period before the death of Joseph Belcavitch secured from him the transfer by bill of sale of his interest in certain buildings erected on land leased to him by the Pennsylvania Coal Company, together with the proceeds of certain insurance policies and the proceeds of the sale of an automobile. Veronica Belcavitch is a resident of New Jersey and service of the bill upon her was accomplished by permission of the court, granted under Equity Rule 27, by registered mail. Appropriate service was made upon the Pennsylvania Coal Company. Veronica Belcavitch now appears d. b. e. to challenge the jurisdiction of the court on the ground that the service of the bill was ineffective upon her as a nonresident of Pennsylvania.

It is conceded that authority for the permitted service must be found in the Act of April 6, 1859, P. L. 387, as amended by the Act of March 20, 1941, P. L. 11, 12 PS §1254, and that if the action is strictly an action in personam, equity has no jurisdiction over a nonresident defendant. The only question for decision, therefore, is whether the bill states an action in rem.

The bill states that the insurance policies in question have been in possession of defendant, Veronica Belcavitch, since she secured change of beneficiary thereon from Joseph Belcavitch, and that she also disposed of the automobile and presumably has the proceeds. Clearly these two items of personal property have their situs at the residence of defendant, Veronica Belcavitch, and action for their return could only take the

form of a personal decree against Veronica Belcavitch. There is no question, therefore, but that the action so far as these items are concerned is in personam.

The bill avers that defendant, Veronica Belcavitch, fraudulently procured the execution of a bill of sale to her, transferring to her certain premises and buildings located at 410 Milwaukee Avenue, Old Forge, this county, consisting of a two-story home and a one-story store building located on leased land owned by defendant, Pennsylvania Coal Company. The cases hold that the determination of the nature of the action, whether in rem or in personam, must be tested by the relief sought and not necessarily by the character of the property, although the property to be affected by the proposed relief must be within the jurisdiction of the court. The test is whether by a decree of the court the res can be subjected directly to the power of the State, or whether disposition of the res can only be effected by compelling a party to the action to control it or dispose of it in accordance with the decree. In the former case the proceeding is in rem, in the latter in personam: Atlantic Seaboard Natural Gas Co. v. Whitten, 315 Pa. 529.

From the eighth, ninth and fourteenth paragraphs of the bill it is clearly averred that defendant Veronica Belcavitch has procured physical possession of the property at 410 Milwaukee Avenue, Old Forge, and has excluded plaintiffs from possession thereof. As Joseph Belcavitch died intestate, right of possession of the premises, if it can be considered real estate, would vest in plaintiff, Mary Belcavitch, and minor plaintiffs. But there are no facts pleaded in the bill from which we can conclude that plaintiffs' interest in the buildings is equivalent to the ownership of a fee in real estate. The terms of the lease from the Pennsylvania Coal Company, which might determine the question,

are not set forth. The fact that transfer of ownership was attempted by bill of sale, rather than a document of title subject to recording, negatives the idea that plaintiffs' interest is in fee. The relief sought is to compel a declaration that the transfer of the property from Joseph to Veronica Belcavitch is void and to compel Veroncia Belcavitch to transfer and reconvey to plaintiffs "by proper bill of sale and transfer of lease". Such relief is clearly to be obtained only by compelling personal action on the part of defendant Veronica Belcavitch. In Atlantic Seaboard Natural Gas Co. v. Whitten, supra, the relief sought was specific performance of an agreement to execute a lease of real estate in the county in which the bill was filed. The Supreme Court held that the action was in personam and constructive service on defendant without the jurisdiction was ineffective. The case at bar is analogous. From the facts in the bill and the relief sought, we can only conclude that there can be no valid decree against defendant Veronica Belcavitch, until she is brought within the jurisdiction of the court by proper process.

For other cases discussing the principles involved, see Gallagher v. Rogan et al., 322 Pa. 315, and the opinion of Judge Eagen, of this court, in Hall v. Cohen, 44 Lack. Jur. 163, decided in 1943.

There is no question but that the Pennsylvania Coal Company, the other defendant, is a mere passive defendant, and not a principal defendant within the meaning of the Act of 1859: Coleman's Appeal, 75 Pa. 441.

Now, June 10, 1949, the service of the bill of complaint on defendant Veronica Belcavitch by registered mail at her residence in the State of New Jersey, as made pursuant to our order of April 13, 1949, is set aside.