## Huntington v. Huntington

*William Hollis,* for plaintiff.

LIPEZ, P. J., October 27, 1954.—This is a divorce case in which the master has recommended that a decree of divorce be entered. An examination of his report and the records of the case reveal that on December 3, 1953, a complaint was filed and a certified copy thereof was sent by registered mail to defendant at 311½ Temple Street, Beckley, W. Va., which was the address stated in the complaint. Defendant was not at that address, and the registered mail was then sent to Williamsport, Lycoming County, Pa., where it was receipted for by defendant.

We are of the opinion that the complaint was not properly served. Pennsylvania Rule of Civil Procedure 1124 provides, in part, as follows:

"Rule 1124. Service. Notice.

"(a) The complaint may be served . . .

"(3) by the plaintiff, outside the Commonwealth, by . . .

"(b) sending the defendant a copy by registered mail. Service by mail is not valid if the return receipt is not signed by him personally."

By the plain terms of the above rule, the complaint may be served on defendant by registered mail only when he is *outside* the Commonwealth. Inasmuch as service was so made *inside* the Commonwealth, clearly there has been no compliance with the rule.

Service statutes are strictly construed. As stated in Williams et ux. v. Meredith, 326 Pa. 570, 572:

"The long established principle of universal application is that statutes in derogation of the common law must be strictly construed. This rule has been steadfastly adhered to in the construction of statutes governing the service of process. Recently in Heaney v. Mauch Chunk Boro., 322 Pa. 487, this Court stated at p. 490: 'The common law rule in regard to service of process, established by centuries of precedent, has always been accepted as binding in this State. In an action in personam the process must be served personally within the jurisdiction of the court in which the action was commenced, upon the person to be affected thereby. This rule prevails, unless a statute clearly and definitely manifests that a different method as to service has been promulgated by the legislature. We stated in Davidson v. Bright, 267 Pa. 580, that statutes in derogation of the common law must be construed strictly and only such modification of the law will be recognized as the statute clearly and definitely prescribes.' In Hughes v. Hughes, 306 Pa. 75, 78, this court said: 'It is general law that service statutes are to be construed strictly, and particularly statutes authorizing substituted service or service by publication: 50 C. J. 490; Stamey v. Barkley, 211 Pa. 313; Lehigh Valley Ins. Co. v. Fuller, 81 Pa. 398'."

The Pennsylvania Rules of Civil Procedure have the effect of statutory enactments and are to be construed in the same manner as statutes: 2 Anderson Pa. Civil Practice 21.

Since defendant appears to be in the Commonwealth and hence personal service can be had, we therefore enter the following

*Order*

And now, October 27, 1954, the record in this case is referred back to the master until such time as proper jurisdiction of defendant has been acquired.