## Cohen v. General Motors Corp.

*Paul N. Minkoff,* for plaintiff.

*George J. Lavin, Jr.* and *Joel Paul Fishbein,* for defendants.

HIRSH, J., December 6, 1971.—Plaintiff originally began this suit by summons in trespass on March 7, 1968, designating General Motors Corporation and Wayne Junction Ford, Inc., as defendants. Service was accomplished on General Motors Corporation but the sheriff could not make service upon Wayne Junction Ford, Inc., and made a return of "not found." To secure service on defendant and designate it correctly as Wayne Junction Motors, Inc., plaintiff filed a motion on June 18, 1968, requesting leave of the court to secure jurisdiction over the corporation pursuant to Pennsylvania Rule of Civil Procedure 2180(c). This motion was granted by Judge Sporkin. Summons was reissued on June 25, 1968, and service was made by forwarding a copy to the Secretary of the Commonwealth. In addition, a copy of the summons was sent by certified mail to defendant in the name of Wayne Junction Ford, Inc., at 4921 Wayne Avenue, Philadelphia, Pa., the last known address of defendant. It was returned with a post office stamp indicating that the addressee was "unknown."

Defendant challenges, by way of preliminary objections, the sufficiency of plaintiff's service upon defendant pursuant to rule 2180(c). Pennsylvania Rule of Civil Procedure 2180(c) states:

"If service cannot be made under any of the methods set forth in subdivision(a) or (b) of this rule, the court upon petition shall authorize service by registered mail directed to the Secretary of the Commonwealth and to the corporation or similar entity at its last registered address or principal place of business, or by publication as the court may direct."

Defendant contends that before plaintiff could proceed under rule 2180(c), it first must have exhausted the methods of service available under subdivisions (a) and (b), which plaintiff had failed to do.

The Supreme Court of Pennsylvania has said that service statutes are to be strictly construed, particularly statutes authorizing substituted service or service by publication: Hughes v. Hughes, 306 Pa. 75, 158 Atl. 874 (1932). In light of this pronouncement, the test to be applied in determining whether to permit a party to proceed by substituted service under rule 2180(c) is whether the court is "satisfied that reasonable efforts have been made to secure personal service": Schrader v. Sears, Roebuck & Co. 49 Wash. R. 172, 173 (1969). This court is so satisfied. Although plaintiff issued summonses in the incorrect name of defendant, service was directed to defendant at its last registered place of business, 4921 Wayne Avenue. A purpose of rule 2180(c) is to remedy that situation where it would not be possible otherwise to serve defendant. Since its previous attempts at personal service resulted in a sheriff's return of "not found" and "addressee unknown," plaintiff should not be penalized for taking the protective measure of duly serving the Secretary of the Commonwealth.

In Shrader v. Sears, Roebuck & Co., supra, preliminary objections were filed by the additional defendant, Burnham Corporation, alleging that the original defendant, Sears, Roebuck & Co., had served it defectively and that the court had no jurisdiction. The particular service which Sears used to obtain jurisdiction on Burnham rested upon notice sent by registered mail to the Secretary of the Commonwealth, with a copy sent to Burnham at its last registered address. Service was without court approval. The court sustained the preliminary objections to service, since Sears could apply for permission and not be harmed as legal service was still capable. If service of process is quashed in the instant case, plaintiff would be barred by the statute of limitations from proceed-

ing, two years having elapsed from the issuance of the last summons.

For service to be valid, it should name the defendant with sufficient clarity to identify it as the one intended to be served: Commonwealth v. Fimple, 3 Lycoming 104 (1951). The summons which was invalidated in Fimple, supra, named defendant Martha Jane Fimple incorrectly as Jennie Fimple; additionally, she was not served at her residence but service was had on her son where he resided. In Thompson v. Rose Tree Hunt Club, 9 D. & C. 199 (1927), service was held defective where service was made on Rose Tree Hunt Club located in Philadelphia County instead of Rose Tree Fox Hunting Club located in Delaware County. The court intimated in its opinion that the names were similar enough, that if, in fact, service was had in Delaware County on the intended defendant, service would have been validated.

As the summons gave the correct address of defendant and service was attempted at 4921 Wayne Avenue, the corporate names Wayne Junction Ford, Inc., and Wayne Junction Motors, Inc., are not so disparate as to cloud the identity of the party plaintiff intended to bring before the court as defendant. Therefore, if defendant had, in fact, accepted the original summons from the sheriff, despite the difference in the name, service would have been valid and defendant properly before the court. The instant case is the type of situation where the correct party, i.e. the party intended, was served, but an error in name, a misnomer, was made.

Accordingly, it is therefore ordered that defendant, Wayne Junction Ford, Inc.'s preliminary objections are overruled, with leave to defendant, Wayne Junction Ford, Inc., to file an answer within 20 days of the date hereof.