Butler County *v.* Pittsburgh, Harmony, Butler and New Castle Ry. Co., Appellant.

348

Argued October 8, 1929.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Edw. O. Tabor,* of *McCahill & Tabor,* with him *Brandon & Brandon,* for appellant.—Mandamus is not the proper remedy to enforce a decree in equity: Com. v. James, 214 Pa. 319; Com. ex rel. v. Thomas, 163 Pa. 446; Com. v. Mitchell, 2 P. & W. 517; Winton's App., 97 Pa. 385; McGowin v. Remington, 12 Pa. 56; Com. v. Lewis, 253 Pa. 175.

*J. W. Hutchison,* for appellee.—The remedy suggested by appellant, even if it is adequate, appropriate and specific, is an equitable remedy and does not supersede a writ of mandamus: McDouglas v. McLean, 25 Pa. Superior Ct. 9; Phœnix Iron Co. v. Com., 113 Pa. 561.

OPINION BY MR. JUSTICE KEPHART, November 25, 1929:

In 1904 the State constructed a bridge over the Conoquenessing Creek in Butler, and turned it over to the county. Appellant, a street car company operating its line in the county, desiring to cross the bridge, applied to the commissioners of the county for their consent; this was refused, and a bill in equity was filed in 1907 to compel the county to permit appellant to pass over the bridge. The court below granted the privilege on condition that appellant should "protect and preserve [the structure] and make all ordinary repairs."

The bridge has been constantly in use since 1907 by the public and the street car company. It was designed to carry a limited load, having a span of 163 feet without piers or other intermediate support. The flooring is a concrete slab from five to seven inches thick, and the supporting steel floor beams are encased in concrete. The driveway was of concrete paved with wooden blocks; it has been repaired from time to time.

The County of Butler charged appellant with not performing the conditions under which the right to pass over the bridge was granted, in that the structure was not kept in proper or ordinary repair. Accordingly, it presented a petition to the court below for mandamus to

compel appellant "to comply with the conditions and requirements of the order and decree of court," as determined in the equity proceedings. The court below directed mandamus to issue wherein appellant was directed to make improvements claimed to result in substantially rebuilding the structure; this appeal followed.

Without discussing the case on the merits, we pass to the first question raised,—The jurisdiction of the court below to direct a mandamus to issue to enforce a decree in equity. The power of a court of equity to enforce its own decrees is a necessary incident to the jurisdiction of the court. "Without such power, a decree would in many cases be useless. 'All courts [of equity] have this power, and must necessarily have it; otherwise they could not protect themselves from insult, or enforce obedience to their process. Without it, they would be utterly powerless' ": Williamson's Case, 26 Pa. 9, 18. The Act of 1836, in giving our courts the jurisdiction and powers of a court of chancery in certain cases, impliedly granted them the power to enforce their decrees by any of the methods ordinarily adopted to compel compliance with their order.

The powers of equity to enforce a decree, unless circumscribed by statute or equity rules, rest largely in the discretion of the court, and being clothed with inherent power to control its own process, the court will see that no abuse will be perpetrated. The customary processes of a chancery court to enforce the performance of a decree are a mandatory injunction, attachment for contempt, writ of sequestration, or writ of assistance; relief may also be had by a writ or writs of execution analogous to those used in law in actions of the same general character (Equity Rule 86), or the court may designate an individual to perform its order: Equity Rule 87. The entire matter is so fully covered by Mr. Justice FRAZER in Com. ex rel. Lieberum v. Lewis, 253 Pa. 175, further discussion is unnecessary. The jurisdiction of

the court continues for the purpose of enforcing the decree: 21 C. J. 692; Winton's App., 97 Pa. 385, 394.

Here appellant invoked equity jurisdiction, and appellee, having obtained the relief contended for by the latter, cannot turn the other over to a court of law to obtain redress against it to which it was entitled in the equity proceeding. The tribunal to which the first appeal has been made will hold the parties or their property within its grasp: Winton's App., supra. Where there is an unimpeachable final decree, contemplating the performance of a series of acts, the proceedings to enforce compliance with that decree must be through that proceeding; all ancillary steps, even though of a nature independent, must be addressed to that proceeding. Had there been no such proceeding in equity, and had the duty to repair the bridge arisen out of an agreement between the traction company and the county merely, then mandamus might have been the proper remedy to compel the repairs, since the company had expressly assumed the governmental duty imposed by law on the latter. However, having elected to go into equity, appellant should not be put to the additional cost of being subject to a mandamus proceeding.

The decree in this case continued the life of the equity proceeding against a presumption of performance, although the burden of showing nonperformance would be on the party asserting such fact. The decree could not be executed by a bill to revive; nor could it be enforced by mandamus, as here attempted. The mere existence of another remedy to compel the proper persons to repair this bridge will not set aside the jurisdiction of equity when it has attached: Winton's App., supra. A corporation is subject to these processes, although, of course, it cannot be imprisoned for contempt; it may be fined or its property sequestered (13 C. J. 40); and we have no doubt that under given conditions its officers may be compelled to obey the court's mandate, and may be punished for contempt where, having knowledge of

the terms of the order and having the power and the means to require compliance with it by the company, they refuse to do so: Fletcher on Corporations, page 5569, section 3408; 13 C. J. 41.

The court below erred in entertaining the petition for a writ of mandamus. The decree of the court below is reversed and the proceedings dismissed at the cost of appellee.