## Di Trolio et al. *v.* Parisi, Appellant, et al.

508

Argued January 10, 1935. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Frank A. Paul,* with him *Wm. Vincent Mullin,* for ap-
pellant.

No brief filed nor appearance for appellee.

PER CURIAM, February 4, 1935:
Appellant presented a petition to the court below pray-
ing for the vacation of a decree of partition of land lo-
cated at 227 North 64th Street in the City of Philadel-
phia, and asking for a redistribution of the proceeds of

the sale thereof in accordance with his claim to sole ownership of the property. An answer was filed by petitioner's daughter and her husband, plaintiffs in the partition proceedings, denying the principal averments of the petition to vacate and praying for its dismissal. A rule to vacate the decree in partition issued, which, after argument by counsel on the petition and answer, without the taking of depositions, was discharged by the court. Petitioner appealed.

The court below properly held that, inasmuch as no depositions were taken, the denial in the answer of all significant averments of the petition was sufficient reason in itself for discharge of the rule. This fact likewise requires us to dismiss the appeal, for the rule is clearly established that, when a matter is heard on petition and answer, without proofs, the moving party must accept as verity the averments in the pleading of his adversary which are well pleaded and pertinent to a consideration of the point to be determined at the particular hearing: Sherwood Bros., Inc., v. Yellow Cab Co., 283 Pa. 488; Marchand v. Marsh, 280 Pa. 292. On appeal, a decree entered in accordance with this rule will not be disturbed, if, as in this case, an examination of the pleadings sustains the conclusions of the court below.

Apart from this, the record discloses adequate reason for denying the relief appellant seeks. The decree in partition was entered pro confesso on July 29, 1926. Subsequently, on August 17, 1926, a hearing was had and appellant was represented by competent counsel. No question was then raised as to appellant's sole ownership of the property involved in the partition proceedings. As stated by the court below, appellant "allowed the public sale of the property to be made without objection, permitted distribution of the proceeds of the sale, petitioned the court to pay him the sum due him, which petition was granted, and, almost six years after distribution was ordered by the court, seeks to vacate the decree of partition or obtain an utterly preposterous decree ordering

redistribution of a fund previously distributed many years ago. . . . The petitioner failed to raise any question as to the propriety of the proceedings for a period of eight years and is definitely barred from now raising the question."

The decree is affirmed at appellant's costs.