Degan et al., Executrixes, *v.* Kiernan, Appellant.

Argued April 12, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*J. Julius Levy,* with him *J. Cullen Ganey,* for appellant.

*Milton I. Baldinger,* with him *Floyd B. McAlee* and *Stanley M. Evans,* for appellees.

398

Per Curiam, May 27, 1937:

Appellees filed a bill in equity for discovery and accounting in Lackawanna County against appellant, defendant in the court below. Personal service of the bill was made on appellant in Northampton County, though it was claimed, and the court below found, that she was a resident of Lackawanna County. Leave was granted counsel for appellant to appear de bene esse for the purpose of raising the question of jurisdiction, and a motion was presented to set aside the service. The court below discharged the motion, allowing appellant fifteen days to answer.

The action is in personam, and, if successful, would not directly affect the res in question, but would entail a personal decree against appellant requiring her to perform certain acts with reference to the property. The common law rule, which has always prevailed in this state in the absence of a statute to the contrary, is that in an action in personam process must be served personally within the jurisdiction of the court in which suit was commenced: *Heaney v. Mauch Chunk Boro.*, 322 Pa. 487, 490. This principle has been adhered to in equity as well as at law. Recently this court held that service on a nonresident defendant made outside the jurisdiction of the court in an equity action in personam was invalid to confer jurisdiction, stating that, under the Act of April 6, 1859, P. L. 387, process may be served upon nonresident defendants only where service has been made upon a principal defendant in the county in which suit was commenced, or where it is an action in rem: *Gallagher, Admr., v. Rogan*, 322 Pa. 315. The same restriction applies to service on resident defendants in equity actions in personam, and in such cases personal service must be made in the county where the action is instituted.

Nor may equity rules 26 and 27 be invoked to aid appellees. Rule 26 merely concerns the place where and how equity actions may be commenced, while Rule

27 provides the method to be followed in making service. Neither of these rules extends the jurisdiction of a court of equity by permitting service in actions in personam to be made beyond its jurisdictional limits.

Decree reversed and service set aside; costs to be paid by appellees.