## Alpern *v.* Coe (et al., Appellants).

Argued March 22, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and JONES, JJ.

*Walter W. Riehl,* for appellants.

*William J. Kenney,* with him *Stewart & Lewis,* for appellee.

OPINION BY MR. JUSTICE JONES, May 21, 1945:

This appeal grows out of a suit in equity instituted by the plaintiff in the Court of Common Pleas of Allegheny County for the purpose of having a constructive trust impressed upon certain real estate situate in that county. Marie Moody, one of the defendants, is the record owner of the property. The other defendants are her husband, Duard Moody, and her brother, Charles Coe. Coe, a resident of Allegheny County, was served personally with the bill of complaint. The Moodys are residents of West Virginia and were served at their residence in that State pursuant to an order of the court below, on petition of the plaintiff, under the provisions of the Act of April 6, 1859, P. L. 387, as amended (12 P.S. § 1254).

The Moodys appeared, *de bene esse,* for the purpose of petitioning the court to vacate and set aside the service as to them and to dismiss the suit. Their petition contains, inter alia, an averment that Coe is not a proper or necessary party to the suit. If that be so, and the Moodys are dismissed as not having been properly served, the suit would automatically fall for want of any proper parties defendant. It is the contention of the Moodys that the relief sought by the plaintiff would necessarily be *in personam* as to them and that the court lacks the power to summon persons from beyond its territorial jurisdiction and make them answerable for relief of such nature. The learned court below discharged the rule which had been granted on the Moodys' petition to vacate and dismiss. It is from that order that they bring the present appeal.

No pleading has yet been filed nor any action taken to test the sufficiency of the complaint or the merit of the cause of action. For present purposes, therefore, it need only be noted that the bill of complaint pleads a case for equity's jurisdiction. In substance, the bill avers that Coe purchased the property in question under circumstances which constituted a fraud on the rights of the plaintiff who was and, for a number of years, had been an occupant of the property as a place of business; that, as allegedly known to Coe at the time of his purchase, the plaintiff was then carrying on negotiations for the purchase of the property; that Coe stood in a relation of trust and confidence to the plaintiff by whom he was employed; and that, in aid of the fraud alleged, Coe had taken title to the property in the name of his sister, Marie Moody, who forthwith notified the plaintiff to vacate. The relief prayed for is that Marie Moody and her husband be declared trustees of the property for the benefit of the plaintiff; that they be directed to convey it to the plaintiff and restrained from conveying it to anyone else; and that they and the defendant, Coe, be enjoined from evicting the plaintiff from the premises.

As the suit seeks to establish a constructive trust of lands lying in Allegheny County on the ground of the defendants' alleged fraud, the court below had equitable jurisdiction of the subject-matter: See Act of June 16, 1836, P. L. 784, Sec. 13, Par. VI (17 P.S. § 281), and also Act of February 14, 1857, P. L. 39, Sec. 1 (17 P.S. § 283), which extended to the "courts of common pleas of the several counties of this commonwealth" the jurisdiction theretofore conferred by the Act of April 16, 1845, P. L. 542, Sec. 3 (17 P.S. § 289) upon "the court of common pleas for the county of Philadelphia, . . . in all cases where chancery entertains jurisdiction under either of the heads of fraud, accident, mistake and account, whether such *fraud,* accident, mistake or account, *be* actual or *constructive."* (Emphasis supplied.)

In order to subject a non-resident of the State to the competent jurisdiction of a Pennsylvania suit of equity where lands situate within the court's territorial jurisdiction are involved, the Act of 1859, cit. supra, was passed. That Act provides in part here material that " . . . it shall be lawful for any court of this commonwealth having equity jurisdiction, upon the special motion of the plaintiff . . . , *in any court in equity . . . concerning . . . lands . . . , situate or being within the jurisdiction of such court . . .* , to order and direct that any . . . process . . . in such suit, be served upon any defendant or defendants therein, then residing or being out of the jurisdiction of such court, wherever he, she or they may reside or be found; and [thereafter] . . . to proceed as fully and effectually as if the same had been made within the jurisdiction of such court: . . .". (Emphasis supplied). It is not disputed that the procedure prescribed by the Act of 1859 was faithfully pursued in the instant case.

The appellants argue, however, that the relief sought as to them, such as a direction that they execute a deed for the property pursuant to the court's decree, would

necessarily be *in personam* and that, inasmuch as no constructive or extraterritorial service of a court's process can operate to bring a non-resident within the court's jurisdiction so as to make such person amenable to the court's *in personam* directions or orders, the service of the bill should be vacated as to them. The rule of law upon which the appellants rely will readily be conceded (see *Atlantic Seaboard Natural Gas Company v. Whitten,* 315 Pa. 529, 531, 173 A. 305), but its non-applicability to the instant case lies in the fact that the real and efficient relief sought by the plaintiff is *in rem.* That equity may so act, in certain circumstances, we think there can be no doubt even though historically it acts *in personam* and not *in rem.*

Because of the fixity of land and the mobility of parties, the rule has developed that, in general, a court may adjudicate *in rem* or *quasi in rem* with respect to lands lying within its jurisdiction even though not all of the defendants are within the jurisdiction: *Pennoyer v. Neff,* 95 U.S. 714, 727, 730. This rule, which is supported by the weight of considered authority, has been well stated as follows: "A state can exercise through its courts jurisdiction over land situated within the territory of the state, although a person owning or claiming an interest in the land is not personally subject to the jurisdiction of the state:" Restatement, Conflict of Laws, § 101.

What the present plaintiff seeks is a decree adjudging that the property in question is subject to a constructive trust in his favor or, in other words, that he is the owner of the property by virtue of the trust and that the Moodys may not exercise dominion over it. A requirement that they execute a deed to the plaintiff for the property would be but incidental to the real relief sought and designed merely to conform the record title accordingly, Mrs. Moody being presently the record owner. By refusing to comply with the court's direction

that they execute a deed to the plaintiff, the Moodys could not render the substance of the decree ineffectual. In fact, it would be wholly immaterial whether or not they obeyed the court's direction to them in such regard. The court would not be without power to act in effectuation of its decree even though the Moodys should do nothing: Act of April 19, 1901, P. L. 83, Sec. 1 (21 P.S. § 53).

The Act of 1901, supra, relevantly provides that "in any proceeding at law or *in equity,* in any of the courts of this Commonwealth having jurisdiction, if the said court shall order a conveyance to be executed by either of the parties to the said proceeding of his or her interest in any lands or tenements to any other party or person, and the party so ordered shall neglect or refuse to comply with the said order and make the said conveyance, . . . *it shall be lawful for the said court to order that such conveyance be made* by the sheriff, prothonotary or clerk, or by a trustee specially appointed for that purpose; *and the said conveyance* having been duly executed . . . , *shall be good and effective* to convey the interest of the recusant, neglecting, . . . party to the extent ordered by the court, *the same as if it had been duly executed and delivered* by such party personally:" (Emphasis supplied).

The effect of statutes, such as the Pennsylvania Acts to which we have referred, has been the virtual abolition of "the ancient doctrine that the decree in equity can only act upon the person of a party." See Pomeroy's Equity Jurisprudence, §§ 134, 135, 428, 1317, 1318. A Pennsylvania court of equity, having jurisdiction of the subject-matter, can act *in rem* with respect to lands lying within its territorial jurisdiction. The Act of 1859 operates to make the court's decrees *in rem* effective as to nonresident defendants who have been served in accordance with the provisions of that Act, while the Act of 1901 makes available the efficient means for effectuating the court's orders or decrees in such regard without the defendant's personal compliance.

In Massachusetts, which has a statute substantially similar to the Pennsylvania Act of 1859, an implied trust was imposed on land in that State against non-resident defendant owners who had accepted the consideration for a sale of the property and had permitted the plaintiff-vendee to enter upon and improve it. *Felch v. Hooper*, 119 Mass. 52. In his work on Conflict of Laws, Beale, who cites *Felch v. Hooper*, supra, says (Vol. 1, § 101.4, at p. 440) that "The jurisdiction of a court of equity to declare and enforce a trust of land within the state is similar to its jurisdiction to quiet title and to remove a cloud on the title. *When authorized by the state to do so*, a court of equity has jurisdiction to establish a trust in lands within its territory, even though the owner be non-resident; to declare a constructive or resulting trust, and appoint a trustee to convey; . . .". (Emphasis supplied). In *American Trust Co. v. Kaufman*, 287 Pa. 461, 464-465, 135 A. 210, this Court sustained the extraterritorial service upon a non-resident of a bill in equity to cancel a fraudulent conveyance and fix a lien on real estate situate within the jurisdiction of the court. Here, as in that case, the liability sought to be enforced is against the land and not against the defendants personally.

A suit such as the present is plainly distinguishable from cases involving the right to an accounting, discovery, specific performance or other proceeding designed to impose personal liability upon non-resident defendants: e. g., *Mid-City Bank and Trust Company v. Myers*, 343 Pa. 465, 467-468, 23 A. 2d 420; *Degan et al., Executrices, v. Kiernan*, 326 Pa. 397, 398, 192 A. 404; *Atlantic Seaboard Natural Gas Co. v. Whitten*, supra, at pp. 535-536; *Hughes v. Hughes*, 306 Pa. 75, 79, 158 A. 874; *Wallace v. United Electric Company*, 211 Pa. 473, 475, 60 A. 1046. Cf. also *Lunine v. Pennsylvania Alcohol Permit Board*, 305 Pa. 162, 165, 157 A. 470, where injunctive relief was denied against a non-resident who

sought merely to interfere with the plaintiff's use of his property rather than with his right to it. In *Felch v. Hooper,* supra, which was concerned with an alleged implied trust of land, the court specifically distinguished a refusal to grant specific performance of a contract for the sale of land as against a non-resident on the ground that, in the trust proceeding then before the court, "the plaintiff [sought] to enforce *an equitable right in the land itself:*" ibid at p. 57 (Emphasis supplied).

Jurisdiction to act *in rem* having been conferred upon a court of equity in Pennsylvania with respect to interests in lands situate within the court's territorial jurisdiction, even without the Act of 1901, a Pennsylvania court would not be helpless to enforce the *in rem* provisions of its decrees in such cases. In *Butler County v. Pittsburgh, Harmony, Butler and New Castle Ry. Co.,* 298 Pa. 347, 350, 148 A. 504, this Court said that "The power of a court of equity to enforce its own decrees is a necessary incident to the jurisdiction of the court." The power to "appoint a trustee to convey" inheres in the equitable jurisdiction: See quotation from Beale, supra. Such, indeed, has been the power which has been exercised in other jurisdictions where no statute, similar to the Pennsylvania Act of 1901, has obtained. See *Midstate Amusement Corporation v. Rivers,* 54 F. Supp. 738 (E.D. Wash. S.D.). The facts of that case are strikingly similar to the facts of the instant case. The plaintiff sought to enforce a constructive trust against a former employe, a non-resident, who had taken advantage of his position to enter into an alleged conspiracy with the other defendants, residents of the district in which the action was brought, to buy property for the purchase whereof his employer had been negotiating. The court found that "Plaintiff here has brought itself strictly within the statute. 28 U.S.C.A. § 118 [a statute allowing for service on non-residents in any suit to enforce any legal or equitable lien upon or claim to real

property within the district where such suit is brought]. It seeks no judgment against [the non-resident defendant]. . . . *It seeks only to have title adjudged to be in it . . .*": ibid at p. 742 (Emphasis supplied).

In the light of the Pennsylvania Act of 1901, supra, and the authorities already cited (cf. also *Griffith v. Phillips,* 3 Grant's Cases 381, 384, which holds that a decree in equity confirming allotments in partition is fully effective without a conveyance), we need not distinguish further the cases relied on by the appellants. None of them supports a contention that the relief sought by the plaintiff in the instant case is to be characterized as *in personam.* Nor do they impugn the power of a Pennsylvania court to act with respect to land lying within its jurisdiction, even as to non-residents, for the protection of interests therein on the part of persons claiming title under the law of the State: cf. *Pennoyer v. Neff,* supra, at p. 723.

It is unnecessary for us to pass upon whether Coe is a "principal defendant" within the intendment of the Act of 1859 which specifies personal service of a "principal defendant" as an alternative basis for acquiring jurisdiction over non-resident defendants. Under that Act, jurisdiction may be acquired *either* where the court has jurisdiction of the subject-matter (as in the instant case) *or* a principal defendant has been served within the jurisdiction of the court: see Act of 1859, supra; also *Bird v. Sleppy,* 265 Pa. 295, 296-297, 108 A. 618. Also, the cases cited by the appellants, which deal with the force and effect of pleadings where no testimony has been taken (e.g., *Beckman, Secretary of Banking v. Altoona Trust Company,* 332 Pa. 545, 548, 2 A. 2d 826; and *DiTrolio v. Parisi,* 317 Pa. 507, 509, 176 A. 733) are not germane. In those cases, the court had the duty of determining the merit of the issues involved on the basis of the pleadings. Here, the issues are not before us. Neither the Moodys nor Coe have as yet filed answers to

the plaintiff's bill. All we are presently deciding is that the court below has jurisdiction to adjudicate with respect to the rights of the parties in the land in controversy.

The order of the court below is affirmed at the appellants' costs and a procedendo awarded.