## Schein et ux. v. Brasler et ux.

*M. H. Vernick*, for plaintiffs.

*J. L. Markovitz*, for defendants.

ALESSANDRONI, J., February 18, 1948.—The subject matter of this rule was considered originally in an exhaustive opinion by President Judge Smith, dated October 14, 1947, and reported in 61 D. & C. 260, in which the facts and the pertinent authorities are set forth in full. In accordance with that opinion and the decree, complainants filed an amended bill of complaint to which respondents, appearing specially, again filed a petition to set aside the service upon them as nonresidents of the Commonwealth of Pennsylvania, under the Act of April 6, 1859, P. L. 387, 12 PS §1254, as amended by the Act of March 20, 1941, P. L. 11.

On October 22, 1945, complainants purchased respondents' business and secured from them a lease for the premises wherein the business had been conducted for a term of five years. An option to purchase the property within the term of the lease for a fixed price was incorporated therein. Thereafter respondents moved out of this State. On May 2, 1947, complainants exercised their option and elected to buy the premises for the sum set forth in the agreement. They also forwarded a written agreement of sale fixing a date for settlement and a check as a down payment on account of the purchase price. Counsel for respondents thereupon advised complainants that they did not desire to sell the property.

The original bill of complaint seeking specific performance was filed in this court, the real estate being situate in the County of Philadelphia, and extraterritorial service was made upon respondents in New Jersey in accordance with the act of assembly above cited. The amended bill of complaint alleges that respondents are constructive trustees of the legal title for the benefit of complainants and prays, inter alia, that respondents be declared trustees ex maleficio and that the court order and direct the sheriff, prothonotary, or a trustee specially appointed to convey the

premises to complainants upon payment of the purchase price.

Respondents contend that this is an action in personam and that this court has no power to authorize extraterritorial service, relying primarily upon the authority of Atlantic Seaboard Natural Gas v. Whitten, 315 Pa. 529. The leading case on the subject is Pennoyer v. Neff, 95 U. S. 714, which has been the source of the hornbook principle that where an action is in personam and not in rem, extraterritorial service is invalid and must be set aside. There is no question that constructive service cannot give a court the power to make a binding decree in personam against a nonresident: Hughes v. Hughes, 306 Pa. 75. The general principle is well settled that decrees against persons in respect to property are generally regarded as decrees in personam: Schmaltz v. York Mfg. Co., 204 Pa. 1.

To understand the reasons supporting these legal principles it is well to consider the statement in Pennoyer v. Neff, supra, that every State owes protection to its own citizens, and when nonresidents deal with them, it is a legitimate and just exercise of authority to hold and appropriate any property owned by such nonresident to satisfy the claims of its citizens.

"It is in virtue of the State's jurisdiction over the property of the nonresident situated within its limits that its tribunals can inquire into that nonresident's obligations to its own citizens, and the inquiry can then be carried only to the extent necessary to control the disposition of the property": Pennoyer v. Neff, supra, at page 723.

Therefore, it was held in that leading case that constructive service is sufficient where the object of the action is to reach and dispose of property or some interest in it by enforcing a contract or lien respecting the same. It can be conceded that proceedings whose object is the disposition of the res without reference

to the holders of title, are purely actions in rem, as distinguished from those involving the right to an accounting, discovery, specific performance, or other proceedings designed to impose personal liability which are in personam.

There is, however, a middle zone wherein the actions are classified as quasi in rem. In Cunnius v. School District, 206 Pa. 469, 474, our Supreme Court interpreted the decision in Pennoyer v. Neff, supra, to permit constructive service where there is property within the jurisdiction of this Commonwealth and the judgments are substantially directed against such property even though in form in personam. In support thereof the language of Mr. Justice Field is quoted at page 474, 475:

" 'It is true that in a strict sense a proceeding in rem is one taken directly against property, and has for its object the disposition of the property without reference to the title of individual claimants; but in a larger and more general sense the terms are applied to actions between parties where the direct object is to reach and dispose of property owned by them, or of some interest therein. Such are cases commenced by attachment against the property of debtors, or instituted to partition real estate, foreclose a mortgage, or enforce a lien. So far as they affect property in the state they are substantially proceedings in rem in the broader sense which we have mentioned.' "

To recognize as controlling and exclusive the fundamental and historical concept that equity acts in personam and not in rem would be misleading. What we must keep constantly in mind is the real and effective relief. If in substance that relief is in rem, then constructive service is valid: Alpern v. Coe et al., 352 Pa. 208, 212. Where a judgment is sought as a means of reaching property within the jurisdiction or affecting some interest therein regardless of any personal liability of defendant or owner, the proceeding is essentially in rem.

What is the nature of complainants' cause of action? The language of Mr. Chief Justice Maxey in Detwiler et al. v. Capone et ux., 357 Pa. 495, 499, is a complete and succinct answer: -

"An option to purchase is analogous to a contract for the sale of land; it is in nature an encumbrance on the land pledged. In such case the husband is a trustee of the legal title for the benefit of the purchaser, and as such the wife cannot claim dower against the vendee. Equity regards the person bound to convey as having done what he should have done, i.e., made the conveyance, and treats him as trustee for the optionee. McClure v. Fairfield, 153 Pa. 411, 26 A. 446; Mineral Dev. Co. v. Hall, 115 S. W. 230. 'Where an option is exercised the title of the optionee relates back to the date of the option and his interest is regarded as real estate as of that time': Ladner's Real Estate Conveyancing, Vol. 1, section 42-A, p. 76. See also Kelly's Est., 6 D. & C. 770."

Since complainants are the owners of an interest in real estate which in nature is an encumbrance on the land dating back to October 22, 1945, it is apparent that we are asked to protect an interest in real property within this jurisdiction which is owned by complainants, and to grant relief against respondents who left this jurisdiction after creating that interest and now contend that it is incumbent upon the former to follow the latter wherever they may be, within or without the confines of the United States, in order to enforce their rights.

It is evident that complainants are the owners of an equitable title in the fee and that respondents are trustees holding a bare legal title merely as security for the payment of the purchase price. Complainants now seek a decree recognizing that the land is impressed with a constructive trust for their benefit and their proprietary interest in the res itself. The execution and delivery of a deed conveying the legal title is but incidental to the real relief sought, and it would

be immaterial whether or not respondents obeyed a decree of this court since we have the power to act in effectuation of such decree as we might enter: Act of April 19, 1901, P. L. 83, 21 PS §53.

The case of Alpern et al. v. Coe, supra, is adequate authority for our exercise of jurisdiction. In that case the facts are strikingly similar and the object and real relief sought was identical. We have jurisdiction of a trust in real property situate within our jurisdiction and though we have no jurisdiction over the person of the constructive trustee, equity will never allow a trust to fail for want of a trustee. As stated in Felch v. Hooper, 119 Mass. 52, wherein the parties executed an agreement for the sale of real estate and plaintiff entered upon the land and made improvements thereon, the land is charged with an implied trust and complainants are the owners of an equitable title which is cognizable and can be protected by the courts of this jurisdiction by enforcing the *equitable right in the land itself* of which complainants are possessed.

A. L. I. Restatement of the Law of Conflicts §101, provides that a State can exercise through its courts jurisdiction over land situate within the territory of the State, although a person owning or claiming an interest in the land is not personally subject to the jurisdiction of the State (see illustrations nos. 5 and 6). In his work on Conflict of Laws, Professor Beale (Vol. 1, section 101.4 at page 440) states that when authorized by statute, a court of equity has jurisdiction to establish a trust in land within its territory even though the owner be a nonresident, and to declare a constructive or resulting trust and appoint a trustee to convey.

The pertinent act of assembly (Act of 1859) hereinbefore cited provides the necessary authorization to the courts of this Commonwealth. The act, as finally amended, provides in part ". . . it shall be lawful for any court of this commonwealth, having equity jurisdiction . . . in any suit in equity which has been . . .

instituted . . . concerning goods, chattels, *lands*, tenements or hereditaments . . . situate or being within the jurisdiction of such court, or concerning any charge, lien, judgment, mortgage or *encumbrance* thereon . . ." to direct extraterritorial service upon a nonresident defendant. (Italics supplied.) This is an action over which equity has jurisdiction and it does concern lands situate within this county, and moreover relates specifically to an encumbrance on such land.

The decision in Atlantic Seaboard Natural Gas Co. v. Whitten, supra, is readily distinguishable since the suit concerned the respective personal rights and obligations of the parties in the gas content of land. Before the claim sought to be enforced could be considered as a right in the res, an adjudication that the offer and acceptance pleaded, constituted a binding contract sufficient to support a decree, was necessary.

We therefore conclude that complainants are the owners of an interest in land which in nature is an encumbrance; that respondents are constructive trustees of the legal title to that land which they hold for the benefit of complainants as security for the payment of the purchase price; that complainants have an equitable interest and right in the land itself; that the statutes of this Commonwealth authorize this court to permit extraterritorial service on a nonresident where there is equity jurisdiction concerning lands or an encumbrance thereon situate within this county; that the real and efficient relief sought is not against respondents personally but is limited solely to the real property within the jurisdiction of this court so that the proceeding is at least quasi in rem and as such can be considered sufficient to support our exercise of jurisdiction under the meaning of the decided cases.

### Decree

And now, to wit, February 18, 1948, the rule to set aside service of the amended bill of complaint is discharged.