## Conley-Irwin Corp. *v.* Reiter, Appellant.

214

Argued October 4, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Louis Vaira*, for appellants.

*John B. Nicklas, Jr.*, with him *McCrady and Nicklas*, for appellee.

OPINION BY MR. JUSTICE COHEN, January 7, 1964:

The parties to this appeal entered into a contract for the sale of land located in Allegheny County. Under the agreement, appellants would deliver a deed to appellee after appellee had made five periodic payments of $10,000 each and had executed a purchase money mortgage of $150,000. After $30,000 had been paid, appellee discovered that a projected motel could not be built on the land because of existing zoning restrictions. Alleging that appellants had fraudulently

misrepresented the zoning condition of the land, appellee brought this equity action in the Court of Common Pleas of Allegheny County to rescind the agreement and recover the $30,000 advanced. Deputized service was made upon appellants in Westmoreland County. In the court below, appellants by way of preliminary objections challenged the validity of this service. The lower court overruled appellants' objections holding that deputized service was authorized by Rule 1504(b) of the Pennsylvania Rules of Civil Procedure. This appeal followed.

Rule 1503(a) of our procedural rules states that, except as otherwise provided, a complaint in equity may be brought in the county where the defendant may be served or where the property which is the subject matter of the action is located. The rule specifically states that no judgment or decree shall bind a defendant personally unless he is served within the county of suit or within the Commonwealth in conformity with Rule 1504(b). The latter provision states that where "the subject matter of the action is property within the jurisdiction of the court", the plaintiff shall have the right of deputized service in the county in which the defendant may be found. The issue before us, therefore, is whether the subject matter of this action is property located in Allegheny County so as to support the deputized service upon appellants in Westmoreland County.

In attempting to sustain the deputized service under Rule 1504(b), appellee argues that the property located in Allegheny County is the subject matter of this action since the relief prayed for is the rescission of potential contractual liability of $170,000 under an agreement for the purchase of that land. Appellee explains the $30,000 personal judgment sought against appellants as incidental to the grant of complete equitable relief. The property is not the subject matter of

the action and thus Rule 1504(b) is inapplicable and the court below improperly overruled appellants' preliminary objections.

Appellee equates an action for rescission of an agreement of sale with one for the specific performance of such an agreement, arguing that the subject matter of both actions is the land forming the basis of the agreement. It is not clear that Rule 1504(b) is even applicable in the specific performance situation. In *Atlantic Seaboard Natural Gas Company v. Whitten,* 315 Pa. 529, 173 Atl. 305 (1934), we held under the predecessor of Rule 1504(b) that extra-territorial service of process was not authorized in an action for specific performance of a lease agreement. We need not now decide the present vitality of that decision under Rule 1504(b),[1] since for purposes of the rule there is a clear distinction between the two actions. Whatever may be the correct analysis of a suit for specific performance, the subject matter of an action to rescind an agreement of sale is the contractual liability of the parties and not the land forming the basis of the agreement. Hence deputized service is not available under Rule 1504(b).

We would add that we also have concern with appellee's characterization of this action as one cognizable in equity. It would seem that a real estate purchaser who wishes to rescind an agreement of sale and recover his down payment has an adequate remedy at law in the form of an action of assumpsit. The law court can not only render a judgment for the money due, but its judgment will also protect the purchaser from any further liability in connection with the agreement of sale. It may be that equity jurisdiction is not ousted in the instant case because appellee seeks relief from an allegedly fraudulent transaction. But

---

[1] See *Esher v. Esher,* 25 Pa. D. & C. 2d 464 (1961).

we stated in *Meehan v. Cheltenham Township*, 410 Pa. 446, 448-49, 189 A. 2d 593 (1963), "law courts can and do apply equitable principles so long as the *remedy* sought is one within their power to grant."[2]  If this action were not cognizable in equity, Rule 1504(b), of course, would be inapplicable.

Since the parties have not briefed or argued this point and since there exists an independent ground for the unavailability of Rule 1504(b), we have not made the issue of equity's apparent lack of jurisdiction a basis for decision.  However, our entertainment of this litigation should not be considered as precedent for recourse to equity under facts such as these.

Order reversed.  Costs on appellee.

Mr. Justice ROBERTS concurs in the result.

---

[2] In the instant case, for example, appellee could bring an action of assumpsit in Westmoreland County where he could personally serve appellants.  Appellee argues that because the agreement of sale was recorded in Allegheny County, full relief cannot be obtained from a suit in Westmoreland County.  There is no basis to this contention.  In the first place, we fail to understand why a purchaser seeking rescission of an agreement of sale should desire to clear the seller's record title.  In any event, however, the judgment obtained in Westmoreland County could be transferred to Allegheny County.