## Weizer *v.* J. E. Weyman Construction Corp., Appellant.

Argued November 14, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, O'BRIEN and ROBERTS, JJ.

reargument refused February 10, 1964.

*Morton B. Wapner,* for appellant.

*Samuel Moonblatt,* with him *Berk, Masino and Moonblatt,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 7, 1964:

This case also points up the problem which we raised in *Conley-Irwin Corp. v. Reiter,* 413 Pa. 213, 196 A. 2d 300 (1964). Here, appellees brought this action in *equity* to recover payments made to appellant under a real estate purchase agreement alleging failure of appellant to comply with the agreement. After the pleadings had been filed plaintiff-appellees moved, under Rule 1034 of Pa. R. C. P. applicable to actions of *assumpsit,* for judgment on the pleadings which the lower court granted and from which judgment appellant takes this appeal.

During argument and in the appellees' history of the case it was indicated that plaintiff-appellees permitted defendant-appellant to sell the property to another buyer. Appellant no longer owns the property. We gather from statements of counsel that the arrangements made by appellees and appellant in the disposition of the property have eliminated substantial contentions from this litigation.

Under those circumstances, we have not made the issue of equity's apparent lack of jurisdiction the basis for our decision. Without recourse to procedural defects we affirm the action of the lower court on the merits. As in *Conley-Irwin Corp. v. Reiter,* we again caution that this litigation should not be considered as a precedent for recourse to equity under facts such as these.

Judgment affirmed.

Mr. Justice ROBERTS concurs in the result.