Malis *v*. Zinman et al., Appellants.

Argued January 21, 1969. Before JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused February 27, 1970.

*Bernard J. McLafferty,* with him *Huganir, Butera & Detwiler,* for appellants.

*Robert H. Malis,* with him *Peter J. Cianci,* and *Malis & Feldman,* and *Wisler, Pearlstine, Talone & Gerber,* for appellees.

OPINION BY MR. JUSTICE POMEROY, January 30, 1970:

This case presents for our determination the question of the jurisdiction of a court in equity in an action brought to set aside an allegedly fraudulent conveyance of Pennsylvania real estate to out-of-state residents served with process by registered mail in Massachusetts. Since this appeal originates from the decree of the lower court overruling preliminary objections,

594

the only facts before us are those averred in the complaint, which are taken as true for the purpose of considering preliminary objections.[1]

In 1964, defendant Dorothy Levy, then Dorothy Zinman, an appellant here, hired the law firm of Malis, Malis & Malis to represent her in connection with marital difficulties she was experiencing with her then husband, defendant Jacques Zinman. The law firm, along with an accounting firm, Sardinsky, Herlich & Co., performed services for Mrs. Levy until 1966 when she dismissed them from her employ. The law firm and the accounting firm are the plaintiffs in this action, and appellees here.

After obtaining other attorneys, Mrs. Levy filed an action for divorce a.v.m. against Jacques Zinman in the Court of Common Pleas of Philadelphia County. A decree of divorce was entered on May 9, 1967. At the time of the divorce decree, defendants Dorothy Levy and Jacques Zinman, as tenants by the entireties, owned certain real estate situated in Montgomery County, Pennsylvania. As a consequence of the divorce, they became tenants-in-common in the property. Act of May 10, 1927, P. L. 884, §1, as amended, 68 P.S. §501.

Shortly after the divorce Dorothy Levy married defendant Allyn Levy and moved to Boston, Massachusetts, the home of her new husband. By a deed recorded in Montgomery County on May 24, 1967, Mrs. Levy conveyed, for no consideration, her interest in the real estate to herself and Allyn Levy, as tenants by the entireties. Plaintiffs thereupon brought this action in equity against Dorothy Levy, her new husband Allyn Levy, and her former husband Jacques Zinman.

[1] For reasons not explained either on the record or the briefs presented on this appeal, the lower court filed no opinion in support of its order. See our Rule 63. We denied the appellant's petition for a continuance of the argument on appeal pending such filing.

The complaint alleged that the conveyance by Dorothy Levy of her interest in the real estate rendered her insolvent and was done in order to prevent application of her interest therein to the payment of her just debts to plaintiffs. Plaintiffs prayed that the conveyance be declared "fraudulent, void and of no effect", that the Levys be enjoined from conveying or encumbering the interest of Dorothy Levy in the property, that the Levys be ordered to reconvey the property to a receiver, that a receiver be appointed for the real estate to protect the interest of the creditors of Dorothy Levy, and that money judgments be entered, presumably against Mrs. Levy, in favor of plaintiffs for amounts claimed for services rendered.

Service of process was made on Jacques Zinman personally at his home in Montgomery County. Service of a copy of the complaint was made on Mr. and Mrs. Levy by registered mail sent to Boston, Massachusetts.[2] The Levys filed preliminary objections to plaintiffs' complaint on the grounds that the Court of Common Pleas of Montgomery County has no jurisdiction over their persons and that, since plaintiffs have an adequate remedy at law, i.e., a suit in assumpsit with ancillary attachment proceedings, equity lacks jurisdiction in the matter.[3] The trial court dismissed these preliminary objections, and defendants Dorothy Levy and Allyn Levy then brought this appeal under the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672.

Section 9(1)(a) of the Pennsylvania version of the Uniform Fraudulent Conveyance Act, Act of May 21, 1921, P. L. 1045, §9, 39 P.S. §359(1)(a) arms a creditor with the right to have a fraudulent convey-

---

[2] The affidavit of service as to Mrs. Levy recites that the post office returned the notice and complaint as "unclaimed", but Mrs. Levy makes no point of this fact in this appeal.

[3] The defendants did not argue this second ground below and ignored it in their brief and argument on appeal.

ance set aside "to the extent necessary to satisfy his claim." By this enactment, the legislature explicitly grants the allegedly defrauded creditor an equitable remedy which alleviates the necessity of his resorting to the cumbersome procedure on the law side, where real estate is involved, of obtaining a judgment, levying execution on the conveyed property, purchasing it at sheriff's sale, and bringing against the transferee of the debtor an action of ejectment which finally adjudicates the question whether the conveyance from the debtor to the defendant is fraudulent as to the plaintiff creditor. See *Sauber v. Nouskajian*, 286 Pa. 449, 133 Atl. 642 (1926); *American Trust Co. v. Kaufman*, 287 Pa. 461, 135 Atl. 210 (1926); *Taylor v. Kaufhold*, 379 Pa. 191, 108 A. 2d 713 (1954); *Amadon v. Amadon*, 359 Pa. 434, 59 A. 2d 135 (1948).

Equitable jurisdiction being thus available to have the transfer of the property from Mrs. Levy to her husband and herself as tenants by the entireties set aside as a fraudulent conveyance, plaintiffs-appellees acted under equity Pa. R. C. P. 1504(b)(2)(b) to gain service of process upon defendants-appellants living in Massachusetts by registered mail to their Boston home. Mr. and Mrs. Levy assert that such out-of-state service is defective in this circumstance and that the lower court therefore lacks the requisite personal jurisdiction to grant the relief requested against them.

The relevant portion of Rule 1504(b)(2)(b) reads as follows: ". . . if the subject matter of the action is property within the jurisdiction of the court, the plaintiff shall have the right of service upon a defendant . . . outside the State . . . by sending the defendant by registered mail a copy of the writ or the complaint if the action is commenced by complaint." This dispute, accordingly, centers on the question whether, in a suit to set aside an allegedly fraudulent conveyance of an interest in real estate located in Pennsylvania, the in-

terest in land is property which "is the subject matter of the action" within the meaning of the Rule.

Mr. and Mrs. Levy contend, first, that the action brought by plaintiffs concerns the allegedly fraudulent conveyance of Mrs. Levy's interest in the realty and not the real property itself; since the intangible event of transfer presumably has no presence in Pennsylvania, it fails to come within the rule aimed at a concrete *res* situated within the Commonwealth. In the second place, appellants point out that the relief requested in the complaint includes a claim for money damages for breach of contract, a classic example of an action *in personam,* and that Section 9 of the Fraudulent Conveyance Act was not designed to give this kind of remedy.

Plaintiffs counter with the argument that their suit to have the conveyance of the undivided one-half interest in real estate set aside constitutes a proceeding *in rem* concerning real property located within the jurisdiction of the Montgomery County court and that, if the Levys refuse to defend the action brought against them, that court will have jurisdiction only with respect to the property. If, on the other hand, defendants undertake to defend the action on the merits they will have thereby submitted themselves to the jurisdiction of the court, which will thereupon have acquired the power to enter a judgment for money damages against them.

We agree with the position of the plaintiffs. Twenty-five years ago, in *Alpern v. Coe,* 352 Pa. 208, 42 A. 2d 542 (1945), this Court, speaking through Justice (later Chief Justice) CHARLES ALVIN JONES, held that a court of equity in Pennsylvania "can act *in rem* with respect to lands lying within its territorial jurisdiction." (*ibid.,* at 213). In that case, plaintiff, the occupant of real estate in Allegheny County then negotiating for the purchase of the property, brought a bill

in equity against the record owner, a Mrs. Moody, her husband and her brother, one Coe. The bill alleged that Coe purchased the property under circumstances which constituted fraud on the plaintiff; that Coe was the plaintiff's employee and stood in a position of trust to plaintiff; that, in aid of the alleged fraud, he caused title to be taken in the name of his sister, Mrs. Moody, who forthwith gave plaintiff notice to vacate. The bill prayed that Mrs. Moody and her husband be declared trustees of the property for plaintiff; that they be directed to convey the property to him and be restrained from conveying it to anyone else; and that all the defendants be enjoined from evicting plaintiff from the premises. Coe lived in Allegheny County and was personally served; the Moodys lived in West Virginia and were served there pursuant to a court order under the Act of April 6, 1859, P. L. 387, §1, as amended, 12 P.S. §1254, the forerunner of Pa. R. C. P. 1504. As do the Levys in the case at bar, the Moodys claimed that the relief sought as to them, i.e., the execution of a deed, would be *in personam* and that the court lacked power to summon persons from beyond its territorial jurisdiction and make them answerable for relief of such nature. The court held that the real relief sought by the suit was *in rem,* not *in personam,* and that "the ancient doctrine that the decree in equity can only act upon the person of a party" has been virtually abolished by such statutes as the Act of April 6, 1859, *supra,* and the Act of April 19, 1901, P. L. 83, §1, 21 P.S. §53. The latter act enables the sheriff, prothonotary or clerk in a county in which land is located to execute a valid deed to the property when ordered by the court having jurisdiction. Thus the court concluded: "The Act of 1859 operates to make the court's decrees *in rem* effective as to nonresident defendants who have been served in accordance with the provisions of that Act, while the Act of 1901 makes available the efficient

means for effectuating the court's orders or decrees in such regard without the defendant's personal compliance." The opinion makes it crystal clear that this equitable *in rem* power with respect to land lying within the jurisdiction of a Pennsylvania court for the protection of persons who claim interests therein under the law of the state applies "even as to non-residents" (352 Pa. at 216), such as the Moodys were there and the Levys are here. Accordingly, regardless of whether the Levys come into Pennsylvania to defend, the Court of Common Pleas in the case at bar can order reconveyance of the undivided half interest in the Zinman home owned of record by the Levys, provided that the plaintiffs prove their case. *American Trust Co. v. Kaufman, supra; American Optical Company v. Philadelphia Electric Company*, 228 F. Supp. 293 (E.D. Pa. 1964). See, also, *Esher v. Esher*, 25 Pa. D. & C. 2d 464 (C.P. Del. Co. 1961).

Nothing effectively differentiates the instant situation from that in *Alpern v. Coe, supra*. The fact that plaintiffs-appellees here possess no judgment establishing their status as creditors is not relevant. The Fraudulent Conveyance Act carries no requirement that the creditor have a judgment before initiating an action to have a fraudulent conveyance set aside. While Sections 9 and 10 of the statute distinguish creditors with matured claims from those whose claims have "not yet matured", both classes of creditors are entitled to the remedy of setting aside a fraudulent conveyance. No logical interpretation of this legislative pattern supports the conclusion that a judgment creditor may bring a valid *in rem* or *quasi in rem* proceeding with respect to real estate fraudulently conveyed to out-of-state residents, but that a creditor lacking a judgment may not. While the plaintiff in *Alpern v. Coe, supra*, did not expressly base his claim on the Fraudulent Conveyance Act, it is to be noted that he also possessed

no prior judgment adjudicating his right to become the owner of the property, which was the basis of his claim to a constructive trust.

Nor is it of significance that the principal alleged wrongdoer in *Alpern v. Coe, supra,* was a Pennsylvania resident who was served personally and was thus before the court from the beginning, whereas in the present case the principal alleged wrongdoer, Mrs. Levy, is a resident of Massachusetts, and has been served only by registered mail. As indicated above, the extent of the court's power will depend on whether the Levys do or do not see fit to appear generally in the case. But nonresidence does not insulate when property of the nonresident is located in the territorial jurisdiction of the court. The whole proceeding in Foreign Attachment, for example, is based on this proposition. Act of June 13, 1836, P. L. 568, §43, 12 P.S. §2861; Pa. R. C. P. 1251 et seq.; Goodrich-Amram, §1251-6. Indeed, the present proceeding in equity under the Fraudulent Conveyance Act bears close analogy to a proceeding in Foreign Attachment. In both forms of process, plaintiffs without judgments are able to imperil the in-state property of persons not then subject to personal jurisdiction in Pennsylvania.

We have examined the cases cited to us by appellants Levy, and do not find them applicable. None of them concerns the alleged fraudulent conveyance of real estate or an interest therein; all of them involved matters over which the court had no power to act except through personal jurisdiction, so that personal service was prerequisite.

In conclusion, we hold that the subject matter of this suit is Mrs. Levy's interest in property within the jurisdiction of the court, her conveyance of which placed it beyond the reach of creditors; that the service of process as provided by Rule 1504(b)(2)(b) was proper; and that the lower court acted correctly in

overruling the preliminary objections of appellants, the Massachusetts defendants.

The decree is affirmed; costs on appellants.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.