## Graham *v.* Graham, Appellant.

Argued March 12, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John A. Metz, Jr.,* with him *Saul J. Bernstein, Metz, Cook, Hanna & Kelly,* and *Bernstein & Campbell,* for appellant.

*David L. Cook,* with him *Louis C. Glasso,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, May 23, 1973:

Appellee, Eleanor Graham, and William J. Graham were divorced by decree of the Circuit Court of Jackson County, Florida, on May 24, 1960. The property settlement agreement provided that appellee was entitled to $1,500 per month for a period beginning in 1960 and terminating five years after William Graham's death. Additionally, the husband promised to create a testamentary trust under which 400 acres in Butler County, Pennsylvania would be held for appellee's "use and benefit".

On August 10, 1971, William Graham died leaving a will which failed to incorporate either of these provisions of the property settlement agreement. Appellee instituted suit in Dade County, Florida, where the will

was duly probated. The Florida trial court held that appellee is entitled to payment of $1,500 per month, but stated that any "question as to real estate property rights of the property lying and being in Butler County, Pennsylvania, is not in the jurisdiction of this Court, any question or issues as to the property rights of the parties to this cause lies and is within the jurisdiction of the Courts of the Commonwealth of Pennsylvania."[1]

Subsequently, appellee instituted the present equitable action in the Court of Common Pleas of Butler County seeking, inter alia, to impress a trust upon the property. Service of process was made on appellant—executor of William Graham's estate and a Florida resident—by sending a copy of the complaint by registered mail. Appellant interposed preliminary objections asserting that venue does not lie in Butler County under Pa. R. C. P. 1503(a)(2) and that service was invalid under Pa. R. C. P. 1504 (b)(2)(b). These objections were dismissed and this appeal followed. We affirm.

The Pennsylvania Rules of Civil Procedure provide, in pertinent part, that "an action may be brought in and only in a county in which . . . the property or a part of the property which is the subject matter of the action is located. . . ." Pa. R. C. P. 1503(a)(2). The Rules further state:

". . . *if the subject matter of the action is properly within the jurisdiction of the court,* the plaintiff shall have the right of service upon a defendant.

. . . .

---

[1] The estate appealed from the trial court's determination that Eleanor Graham is entitled to $1500 per month. On May 15, 1973, the District Court of Appeals of Florida, Third District, reversed the order of the trial court and held that the estate is not liable for that amount. The May 15 opinion, however, is "not final until time expires to file [a] rehearing petition and, if filed, disposed of."

"(2) outside the State

"(a) by having a competent adult serve the defendant within the time and in the manner provided for the service of a writ of summons in an action of assumpsit, or

"(b) *by sending the defendant by registered mail a copy of this writ or the complaint if the action is commenced by complaint;* . . ." Pa. R. C. P. 1504(b)(2) (emphasis added).

Appellant, relying on *Atlantic Seaboard Natural Gas Company v. Whitten,* 315 Pa. 529, 173 Atl. 305 (1934), contends that the subject matter of this action is not property within the jurisdiction of Butler County and that, therefore, the venue and service provisions of Rules 1503 and 1504 are inapplicable. Reliance on *Atlantic Seaboard Natural Gas Company,* supra, is misplaced. There plaintiff filed an action in equity to compel specific performance by a nonresident defendant of an agreement to lease certain real estate in Pennsylvania. Extraterritorial service was made upon the nonresident defendant as authorized by the Act of April 6, 1859, P. L. 387, as amended, 12 P.S. §1254, when the subject matter of the action is property within the court's jurisdiction.[2] The Court held that the subject matter of the suit for specific performance was the lease agreement, not the land. It, thus, concluded that the action was a " 'suit *in personam,* and not *in rem'* "

---

[2] The Act of April 6, 1859, P. L. 387, as amended, 12 P.S. §1254 ". . . provided for service outside the county when property, real or personal, 'within the jurisdiction' of the court was the subject matter of the suit. Rule 1504(b) uses the same phrase in authorizing extra-county and extra-territorial service. Accordingly, the decisions under the Act of 1859 on this question remain applicable." 2 Goodrich-Amram, Standard Pennsylvania Practice §1504(b)-4(1954) (footnote omitted); Amram and Schulman, The New Pennsylvania Equity Rules a Survey, 100 U. Pa. L. Rev. 1089, 1095 (1952).

and that extraterritorial service was improper. Id. at 532, 173 Atl. at 307.

The decision in *Atlantic Seaboard Natural Gas Company v. Whitten* has been specifically limited to cases in which the plaintiff is seeking a decree ordering specific performance.[3] See, e.g., *Malis v. Zinman*, 436 Pa. 592, 261 A. 2d 875 (1970); *Demharter v. First Federal S. & L. Ass'n*, 395 Pa. 400, 150 A. 2d 354 (1959); *Alpern v. Coe*, 352 Pa. 208, 42 A. 2d 542 (1945); *Esher v. Esher*, 25 Pa. D. & C. 2d 464 (1961) (cited in *Conley-Irwin Corp. v. Reiter*, 413 Pa. 213, 196 A. 2d 300 (1964)).

In *Alpern v. Coe*, supra, plaintiff alleged that defendant purchased property under circumstances which constituted a fraud on plaintiff. A decree was sought which would enjoin defendant from evicting plaintiff and which would impress a constructive trust upon the real estate. This Court sustained the use of extraterritorial service upon the nonresident defendant and said:

"The appellants argue, however, that the relief sought as to them, such as a direction that they execute a deed for the property pursuant to the court's decree, would necessarily be *in personam* and that, inasmuch as no constructive or extraterritorial service of a court's process can operate to bring a nonresident within the court's jurisdiction so as to make such person amenable to the court's *in personam* directions or orders, the service of the bill should be vacated as to them. The rule of law upon which the appellants rely will be readily conceded (see Atlantic Seaboard Natural Gas Company v. Whitten, 315 Pa. 529, 531, 173 A. 2d 305), *but*

---

[3] In *Conley-Irwin Corp. v. Reiter*, 413 Pa. 213, 216, 196 A. 2d 300, 302 (1964), this Court intimated that *Atlantic Seaboard Natural Gas Company v. Whitten*, 315 Pa. 529, 173 Atl. 305 (1934), may no longer have present vitality even as to suits for specific performance.

*its non-applicability to the instant case lies in the fact that the real and efficient relief sought by the plaintiff is in rem.* That equity may so act, in certain circumstances, we think there can be no doubt even though historically it acts *in personam* and not *in rem.*

"Because of the fixity of land and the mobility of parties, the rule has developed that, in general, a court may adjudicate *in rem* or *quasi in rem* with respect to lands lying within its jurisdiction even though not all of the defendants are within the jurisdiction: Pennoyer v. Neff, 95 U.S. 714, 727, 730. This rule, which is supported by the weight of considered authority, has been well stated as follows: 'A state can exercise through its courts jurisdiction over land situated within the territory of the state, although a person owning or claiming an interest in the land is not personally subject to the jurisdiction of the state:' Restatement, Conflict of Laws, §101." Id. at 211-12, 42 A. 2d at 544 (emphasis added).

Recently, in *Malis v. Zinman,* supra, we relied upon *Alpern v. Coe,* supra, and held that Rule 1504 was properly invoked to gain service of process upon nonresident parties. There, plaintiff alleged that defendants fraudulently conveyed property in order to appear insolvent and, thus, avoid payment of debts. Plaintiff requested that defendant be enjoined from conveying the property and that a receiver be appointed to whom the property should be conveyed. We concluded that "the subject matter of the suit is [defendant's] interest in property within the jurisdiction of the court . . . [and] that service of process as provided by Rule 1504(b) (2) was proper." Id. at 600, 261 A. 2d at 879.

Similarly, here, appellee alleges in her complaint that she is "fearful that the Executor of said estate is attempting to perpetrate a fraud upon the plaintiff and the Courts in that his actions are illegal and unlawful

and that there is no adequate remedy of law for the plaintiff." Moreover, appellee requests, inter alia, that the trial court enjoin appellant from disposing of or encumbering the real estate and order appellant to convey title or create a trust for appellee's benefit.

We here conclude—as this Court did in *Alpern* and *Malis*—that the subject matter of the present proceeding is appellee's interest in the realty in Butler County. Thus, venue lies in Butler County and service of process was properly made upon appellant by registered mail.

We recognize—as indeed we must—that both Florida and Pennsylvania courts will be involved, in appropriate phases, in the final resolution of the controversy between the parties. Significant issues involving the property settlement agreement and the administration of the decedent's estate are presently pending in the appellate courts of Florida. We believe that proper consideration of comity, as well as the efficient administration of justice, may require that the trial court await that decision and, for the present, refrain from further action pending that determination.

A temporary stay in our proceedings may be advisable to achieve the practical desirability of seeking to reduce the heavy burdens of multi-state litigation and minimize expenditure of judicial and professional time and effort. Such a determination would not, in any way, adversely affect the interests of either party.

The order dismissing appellant's preliminary objections is affirmed and the record remanded for proceedings consistent with this opinion.

Each party to pay own costs.