## Esher v. Esher

*Lindenmuth, Class & Sauliner,* for plaintiff.

*Lutz, Fronefield, Warner & Bryant,* for defendants.

SWENEY, P. J., August 17, 1961.—This matter is before the court en banc upon preliminary objections, filed by defendants, raising the question of the sufficiency of the service upon defendants, who are non-residents of Pennsylvania.

Defendants are contending that plaintiff's bill in equity sets forth an action in personam by asking for

specific performance. Plaintiff is contending that the subject of this action is real estate situate in Delaware County and that the action is in rem.

The facts that can be gathered from the bill filed are that Dorothy Esher, plaintiff, and Joseph C. Esher, a defendant, were married on February 21, 1938, at Philadelphia and were divorced by decree of the Circuit Court, City of St. Louis, Missouri, dated March 30, 1960. By a written property settlement, entered into prior to the divorce decree, the parties agreed inter alia, as follows:

"4. The title to all that certain tract or piece of ground with the buildings and improvements thereon erected situate at Thornton in the Township of Thornbury, County of Delaware and State of Pennsylvania, as recorded at Media in the Office for the Recording of Deeds in and for the County of Delaware in Mortgage Book No. 2002 page 256 is vested in the parties hereto as tenants by the entirety. Should the Court see fit to grant a divorce to the party of the second part from the party of the first part, party of the second part agrees to convey to the party of the first part by a proper deed, all of his right, title and interest in the above described real estate."

Defendant has remarried, and he and his present wife have refused to execute the required deed. The prayer of the bill is that judgment shall be entered against defendants and that the prothonotary or recorder of deeds shall convey the property herein referred to to plaintiff. The action is titled "Complaint for Specific Performance."

If this suit is in personam and not in rem, the extraterritorial service was invalid and must be set aside. The sheriff's return shows that defendants were served by mailing to each a true and correct copy of the summons by registered mail at their address, R. D. No. 2, Bowlby Road, Elmyra, N. Y. If this is a suit for spe-

cific performance, it is a suit in personam and not in rem: Atlantic Seaboard Natural Gas Co. v. Whitten, 315 Pa. 529. See also Cohn v. Weiss, 356 Pa. 78.

However, we believe this to be an action in rem or quasi in rem. Plaintiff seeks a decree which, in effect, adjudges the property, which plaintiff and her former husband hold by the entireties, subject to a constructive trust in her favor: Alpern v. Coe, 352 Pa. 208, 212. "Because of the fixity of land and the mobility of parties, the rule has developed that, in general, a court may adjudicate *in rem* or *quasi in rem* with respect to lands lying within its jurisdiction even though not all of the defendants are within the jurisdiction."

The fact that this court has no jurisdiction over defendants, which will permit the enforcement of a decree against them to execute, acknowledge and deliver a deed, gives us no pause. Under the Act of April 19, 1901, P. L. 83, sec. 1, 21 PS §53, the prothonotary or a specially appointed trustee could deliver the required deed.

Plaintiff has an ownership or interest in land in this county; defendant husband is bound by an agreement to convey his interest which he refuses to carry out; in the very nature of things, defendants are constructive trustees of the legal title to the land. Plaintiff has a legal and an equitable interest in the land and is entitled to a deed for the land itself; no other interests, rights or obligations of defendants are involved; the real and efficient relief sought is not against defendants personally but is limited solely to the real estate so that the proceeding is at least quasi in rem and as such can be considered sufficient to support our exercise of jurisdiction.

### Order

And now, August 17, 1961, it is ordered and decreed that the preliminary objections herein filed be, and

they are hereby, dismissed. Defendants are granted 20 days in which to file an answer.