## Hampton-Wildwood Corporation v. Fox Grocery Company

*John A. Metz, Jr.,* for plaintiff.
*Alexander Black* and *Martha A. Zatezalo,* for defendants.

HESTER, J., November 24, 1975—Presently before the court are preliminary objections filed by defendants, Fox Grocery Company, Harold Friedman, Inc. and Harold Friedman. All three defendants allege that, pursuant to Pa. R.C.P. 1509(c), the within action in equity should be certified to the law side of the court for the reason that plaintiff allegedly has a full, complete and adequate nonstatutory remedy at law. Also, defendant, Harold Friedman, has filed a preliminary objection alleging that the complaint should be dismissed as to him for improper service of process and, hence, lack of jurisdiction over the person of said defendant, Harold Friedman.

All of the aforementioned preliminary objections were argued before this court on November 6, 1975.

The within complaint in equity was filed by plaintiff, owner of the Hampton Plaza Shopping Center located on Route 8 in Hampton Township, Allegheny County, Pa., against the above defendants, which complaint in equity seeks, inter alia, that the lease executed by plaintiff and Fox Grocery Company under date of October 15, 1970, and accompanying riders be specifically enforced and the said Fox Grocery Company as the "key tenant" of said Shopping Center, be ordered to specifically perform pursuant to the terms of said lease and the riders attached thereto. Specifically, plaintiff brings this complaint in equity in an attempt to have enforced article I(k) of said lease, which provides:

"In consideration of said demise and lease the Tenant (Fox) hereby covenants and agrees:

"To keep the demised premises open for business during customary business days and hours and to keep the demised premises or the front portion thereof illuminated during the evenings to at least 9:00 P.M. on all week days from Monday through Saturday."

Count II of said complaint in equity is brought against Harold Friedman, Inc. and Harold Friedman, an individual, alleging that the said Fox Grocery Company subleased the demised storeroom in question to the said Harold Friedman, Inc. which did business therein under the management of Harold Friedman until it closed its doors and ceased doing business on September 10, 1975, and terminated its sublease with the said Fox Grocery Company as of October 31, 1975.

Thereafter, Fox terminated its prime lease with plaintiff as of that same date.

Said sublessee, and thus said prime lessee, terminated said lease allegedly due to "defects caused to the demised premises by reason of subsidence, heaving, soil or subsurface conditions (which) have not been remedied."

Count II of said complaint against Harold Friedman, Inc. and Harold Friedman, an individual, include allegations of (a) conspiracy between all defendants, and (b) intentional interference by defendants, Harold Friedman, Inc. and Harold Friedman, an individual, with a known and existing business and contractual relationship between plaintiff and Fox Grocery Company.

Plaintiff, therefore, brought the within action in equity in an attempt to enjoin and restrain Harold Friedman, Inc. and Harold Friedman, an individual, from terminating its sublease with the said Fox Grocery Company, to enjoin said defendants, Harold Friedman, Inc. and Harold Friedman, from removing its trade fixtures and equipment and from vacating said storeroom; and to have it adjudicated that the said Fox Grocery Company, the said Harold Friedman, Inc., and the said Harold Friedman, an individual, may not lawfully close said storeroom and cease doing business.

The preliminary objections chorused by all three defendants are that plaintiff has a full, adequate and complete nonstatutory remedy at law and will not suffer irreparable harm if its cause is certified to the law side of the court.

Defendants claim that the lease agreement provides remedies to plaintiff for the breach of any covenant in the lease by Fox, including the right to re-enter and confess judgment for rent due: Article

III(g). In addition to the remedies granted by the lease, plaintiff may "use the remedies . . . prescribed by law.": Article III(h). Moreover, the lease provides:

"If the premises at any time be deserted or closed, Landlord may enter by force, without liability to prosecution or action therefor, and may distrain for rent and also re-let the premises as agent for Tenant for any unexpired portion of the term and receive the rent therefor and apply it on this Lease." Article III(j).

Further, defendants contend that plaintiff may bring an action at law upon the terms of the lease and obtain compensation for any damage suffered as a result of defendants' actions; the question of a breach of any lease covenant or the propriety of defendants' actions may be fully heard there; should plaintiff prevail, plaintiff may receive that loss of income to which it proves itself entitled.

Defendants further allege that with respect to count II of its complaint alleging "intentional interference," as aforementioned, plaintiff has an action in either tort or assumpsit for restitution of the moneys lost.

The pitfall of the above arguments posited by defendants is that the alleged loss of rental income suffered by plaintiff is not the relief which plaintiff seeks. Plaintiff has alleged irreparable harm based upon a novel "key tenant" theory.

Accordingly, this court is of the opinion that *upon the face of plaintiff's complaint,* plaintiff does not have a full, adequate and complete nonstatutory remedy at law. Therefore, said preliminary objection requesting the within action to be certified to the law side of the court, shall be denied.

Individual defendant Harold Friedman's other preliminary objection attacks the validity of the service of process of said complaint and, hence, this court's jurisdiction over the person of said individual defendant.

Pa. R.C.P. 1503 captioned "Venue" provides, in relevant part, that: "An action may be brought in and only in a county in which . . . the property or a part of the property which is the subject matter of the action is located . . . .": Pa. R.C.P. 1503(a)(2). Continuing, Pa. R.C.P. 1504 captioned "Service" provides, in relevant part:

"(b) . . . if the subject matter of the action is property within the jurisdiction of the court, the plaintiff shall have the right of service upon a defendant

"(1) in any other county by having a competent adult serve the defendant within the time and in the manner provided for the service of a writ of summons in an action of assumpsit or by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had; . . ."

Service of the complaint upon individual defendant, Harold Friedman, was made by one Vincent Biskup, who delivered a copy of said complaint to Harold Friedman's secretary, one Patricia DiTullio, at the registered office of Harold Friedman, Inc., located at 530 Fairground Hill, Butler, Butler County, Pa.

The threshold question, therefore, is whether "the subject matter of the action is property within the jurisdiction of the court," for if it is, the extraterritorial service of process made upon individual defendant, Harold Friedman, as aforementioned, is effective and valid; while if it is not, the

extraterritorial service of process made is ineffective and improper and cannot operate to bring individual defendant within this court's jurisdiction so as to make said individual defendant amenable to this court's in personam order.

It is this court's considered opinion that the service of process made upon individual defendant, Harold Friedman, complies with Pennsylvania Rule of Civil Procedure 1504, as aforementioned, and is effective and, therefore, vests this court with jurisdiction over the person of the said Harold Friedman. This court is of the opinion that the subject matter of this action is property within this court's jurisdiction—a leasehold in a shopping center located in *Allegheny* County and the preservation of the ante litem motam status of that property.

"That equity may so act, in certain circumstances, we think there can be no doubt even though historically it acts in personam and not in rem.": Graham v. Graham, 452 Pa. 404, 305 A.2d 48, 50 (1973).

"Because of the fixity of land and the mobility of parties, the rule has developed that, in general, a court may adjudicate in rem or quasi in rem with respect to lands lying within its jurisdiction even though not all of the defendants are within the jurisdiction.": Pennoyer v. Neff, 95 U.S. 714, 727, 730, 24 L.Ed. 565 (1877).

See Graham, infra, for an excellent discussion of the above issue.

The individual defendant claims that the subject matter of the instant action in equity is not the land (the shopping center situate in Allegheny County which would constitute an action in rem), but rather, the subject matter of this action is the

lease and sublease, which relate only to the land which would constitute an action in personam. As such, the individual defendant argues that since the subject matter is not the disposition of property as evidenced by the relief sought as to them, but rather the viability of its leasehold for that property, the extraterritorial service of process attempted upon him, is not authorized by rule 1504(b) and, therefore, he has not been properly served so as to make him amenable to the court's in personam orders.

Individual defendant relies upon Atlantic Seaboard Natural Gas Company v. Whitten, 315 Pa. 529, 173 Atl. 305 (1934), wherein that court held that the subject matter of that suit for specific performance was a lease agreement, and not the land. The court thus concluded that the Seaboard action was a "suit in personam, and not in rem" and that extraterritorial service was improper: supra, at page 532.

Individual defendant's reliance upon Seaboard is apparently misplaced, for in Conley-Irwin Corporation v. Reiter, 413 Pa. 213, 196 A. 2d 300 (1964), the Pennsylvania Supreme Court intimated that Seaboard is no longer controlling nor applicable in suits seeking specific performance.

The distinction proposed by the individual defendant that the subject matter of the suit is limited to the leasehold of the property (an action in personam) in which extraterritorial service of process is not authorized as contrasted with the proposition that the subject matter is the preservation of the ante litem motam status of the property itself (an action in rem) wherein extraterritorial service is authorized by rule 1504, seems to be an artificial distinction built upon shifting sands. De-

fendants have terminated, in seriatim, their leases with plaintiff for the property in question on the basis that there exists alleged "defects caused to the demised premises by reasons of subsidence, heaving, soil or subsurface conditions (which) have not been remedied." Further, defendants' collective actions have given rise to the initiation of this action in equity. Therefore, it certainly seems that the crux of this litigation certainly seems to be the condition of the property upon which storeroom 6 is constructed; and that property, which is, in essence, an integral part of the subject matter of this suit, is situate in Allegheny County. Accordingly, individual defendant Harold Friedman's second preliminary objection challenging this court's jurisdiction shall be denied.

Obviously, the court will not address itself at this time to the substantive issues which have crystallized even at this early stage of the proceedings. Suffice it to say, that the factual issue, and all others which will naturally flow therefrom, of whether defendants, Harold Friedman, Inc., Harold Friedman, and Fox Grocery Company, under the existing circumstances, had justifiable reason and cause to terminate the lease with plaintiff, will be adjudicated in another forum at another time. An appropriate order shall be entered.

## ORDER OF COURT

And now, November 24, 1975, the preliminary objections heretofore filed by defendants having come before the court, following the oral argument thereof and an examination of the record and a

study of the excellent briefs of counsel, it is hereby ordered, adjudged and decreed that said preliminary objections be, and the same are hereby, refused for the reasons set forth in the foregoing opinion.